IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL H. HOLLAND, MICHEAL W.
BUCKNER, B.V. HYLER and STEVEN F.
SCHAAB as TRUSTEES of the UNITED
MINE WORKERS OF AMERICA 1974
PENSION TRUST
2121 K Street, N.W.
Washington, D.C. 20037

    Plaintiffs,
  v.

FREEMAN UNITED COAL MINING
COMPANY
4440 Ash Grove, Suite A,
Springfield, IL 62707

BANDMILL COAL COMPANY
6760 Long Branch Road
Belfry, KY 41514

DOSS FORK COAL COMPANY, INC.
P.O. Drawer 1030
Bluefield VA 24605

EAST STAR MINING, INC.
118 Southeast Main Street
Lebanon, VA 24266

MONTEREY COAL COMPANY
14300 Brush Mound Road
Carlinville, Illinois 62626

POSTAR COAL COMPANY, INC.
685 Cavitts Creek Road
North Tazewell, VA 24630

LITWAR PROCESSING COMPANY, LLC
208 Business Street
Beckley, WV 25801

Civil Action No.

Jury Trial Demanded

POWER MOUNTAIN COAL COMPANY
P.O. Box 707
Summersville, WV
and

GOALS COAL COMPANY
Rt. 3 Sundial
Sundial, WV 25140

            Defendants.

## COMPLAINT

The United Mine Workers of America 1974 Pension Trust ("1974 Pension Trust") and its

trustees, Michael H. Holland, Micheal W. Buckner, B.V. Hyler and Steven F. Schaab,

(collectively, "Trustees"), file this action against nine coal mining companies to collect

delinquent contributions that each defendant owes to the 1974 Pension Trust. Plaintiffs bring

this action under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq., and

the Labor Management Relations Act, 29 U.S.C. § 141 et seq.

### Introduction

1.     This is an action to recover delinquent contributions to the 1974 Pension Trust.

Defendants are coal companies whose hourly workers are represented by the United Mine

Workers of America. Defendants have each agreed to participate in the 1974 Pension Trust by

agreeing to be bound by one or more of a series of national agreements titled "National

Bituminous Coal Wage Agreements" ("NBCWA"), which are collectively bargained agreements

that were negotiated by the UMWA on one hand, and the Bituminous Coal Operators

Association ("BCOA"), a multi-employer bargaining unit, on the other. By agreeing to

participate in the 1974 Pension Trust, each employer agreed to abide by the terms of the 1974

Pension Trust, which includes the "Evergreen Clause." That clause obligates each employer that

2

has previously made contributions to the Fund, or whose employees were eligible for coverage or receive benefits from the Fund, to make contributions to the 1974 Pension Trust at the rates provided by each NBCWA, even if that employer has not signed the current NBCWA. The contribution rates, which are determined by the current NBCWA, were raised to $2.00 per man-hour effective January 1, 2007. Each Defendant has failed to contribute to the 1974 Pension Trust since this new rate became effective.

Jurisdiction and Venue

2.      Jurisdiction is conferred on this Court by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 and Section 502(e) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e).

3.      Venue is proper in this District pursuant to 29 U.S.C. § 1132(e), 29 U.S.C. § 185, and 29 U.S.C. § 1391.

Parties

4.      The United Mine Workers of America 1974 Pension Trust is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37).

5.      Plaintiffs Michael H. Holland, Micheal W. Buckner, B.V. Hyler and Steven F. Schaab are Trustees of the 1974 Pension Trust. They are fiduciaries within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and they bring this action in their fiduciary capacity. The Trustees administer the 1974 Pension Trust at 2121 K Street, N.W., Suite 350, Washington, D.C. 20037.

6.     Plaintiffs bring this action on behalf of themselves and on behalf of the Fund's

participants and beneficiaries pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145,

and Section 301 of the LMRA, 29 U.S.C. § 185.

7.     Defendant Freeman United Coal Mining Company ("Freeman") is an employer in an

industry affecting commerce within the meaning of ERISA §§ 3(5), (11), and (12), 29 U.S.C. §§

1002(5), (11) and (12), and the LMRA, 29 U.S.C. §§ 152(2), (6) and (7). It is a corporation that

resides and does business in the State of Illinois. The registered agent for Freeman is Thomas A.

Korman, located at 222 N LaSalle St., 8th Floor, Chicago, IL 60601.

8.     Defendant Bandmill Coal Company ("Bandmill") is an employer in an industry affecting

commerce within the meaning of ERISA §§ 3(5), (11), and (12), 29 U.S.C. §§ 1002(5), (11) and

(12), and the LMRA, 29 U.S.C. §§ 152(2), (6) and (7). It is a corporation that resides and does

business in the State of West Virginia. The registered agent for Bandmill is Legal Department,

located at 315 70th Street, S.E., Charleston, WV 25304..

9.     Defendant Doss Fork Coal Company, Inc. ("Doss Fork") is an employer in an industry

affecting commerce within the meaning of ERISA §§ 3(5), (11), and (12), 29 U.S.C. §§ 1002(5),

(11) and (12), and the LMRA, 29 U.S.C. §§ 152(2), (6) and (7). It is a corporation that resides

and does business in the Commonwealth of Virginia. The registered agent for Doss Fork is

Edward Asbury, located at P.O. Drawer 103, Bluefield, VA 24605.

10.    Defendant East Star Mining, Inc. ("East Star") is an employer in an industry affecting

commerce within the meaning of ERISA §§ 3(5), (11), and (12), 29 U.S.C. §§ 1002(5), (11) and

(12), and the LMRA, 29 U.S.C. §§ 152(2), (6) and (7). It is a corporation that resides and does

business in the Commonwealth of Virginia. The registered agent for East Star is A. Benton

Chafin, Jr., located at 118 Southeast Main St., Lebanon, VA 24266.

11.    Defendant Monterey Coal Company ("Monterey") is an employer in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), and (12), 29 U.S.C. §§ 1002(5), (11) and (12), and the LMRA, 29 U.S.C. §§ 152(2), (6) and (7). It is a corporation that resides and does business in the State of Illinois. The registered agent for Monterey is CT Corporation System, located at 208 So. Lasalle St., Suite 814, Chicago, IL 60604.

12.    Defendant Postar Coal Company, Inc. ("Postar") is an employer in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), and (12), 29 U.S.C. §§ 1002(5), (11) and (12), and the LMRA, 29 U.S.C. §§ 152(2), (6) and (7). It is a corporation that resides and does business in the Commonwealth of Virginia. The registered agent for Postar is Michael Poskas, located at 685 Cavitts Creek Road, North Tazewell, VA 24630.

13.    Defendant Litwar Processing Company, LLC ("Litwar") is an employer in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), and (12), 29 U.S.C. §§ 1002(5), (11) and (12), and the LMRA, 20 U.S.C. §§ 152(2), (6) and (7). It is a corporation that resides and does business in the State of West Virginia. The registered agent for Litwar is Corporation Service Company, located at 209 W. Washington St., Charleston, WV 25302.

14.    Defendant Power Mountain Coal Company ("Power Mountain") is an employer in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), and (12), 29 U.S.C. §§ 1002(5), (11) and (12), and the LMRA, 20 U.S.C. §§ 152(2), (6) and (7). It is a corporation that resides and does business in the State of West Virginia. The registered agent for Power Mountain is Legal Department, located at 315 70th Street, S.E., Charleston, WV 25304.

15.    Defendant Goals Coal Company ("Goals") is an employer in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), and (12), 29 U.S.C. §§ 1002(5), (11) and (12), and the LMRA, 20 U.S.C. §§ 152(2), (6) and (7). It is a corporation that resides and does

business in the State of West Virginia. The registered agent for Goals is Legal Department, located at 315 70th Street, S.E., Charleston, WV 25304.

## Statement of Claim

16.    Since 1951, the United Mine Workers of America, a labor organization as defined by the Labor Management Relations Act, 29 U.S.C. § 152(5), and the Bituminous Coal Operators Association ("BCOA") have negotiated a series of collective bargaining agreements called National Bituminous Coal Wage Agreements ("NBCWAs"). NBCWAs are contracts between employers and a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.

17.    The NBCWA that is presently in effect is the "2007 NBCWA." The 2007 NBCWA is a contract between employers and a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.

18.    By agreeing to be bound by an NBCWA dated 1978 or later, each defendant-employer obligated itself to participate in and be bound by the terms of the 1974 Pension Trust. Article XX of each NBCWA provides that each of the documents governing the 1974 Pension Trust is "incorporated by reference and made a part of this agreement."

19.    In 1978, the 1974 Pension Trust was amended to include a clause referred to as the "Evergreen Clause," which read:

> Any employer who employed any participant eligible for coverage under, or who received or receives benefits under, the 1974 Pension Plan, or any Employer who was or is required to make, or who has made or makes contributions to the 1974 Pension Plan and Trust, is obligated and required to comply with the terms and conditions of the 1974 Pension Plan and Trust, as amended from time to time, including, but not limited to, making contributions required under the National Bituminous Coal Wage Agreement of 1978, as amended from time to time, and any successor agreements thereto . . . .

20.     The Evergreen Clause has been part of the 1974 Pension Trust continuously from 1978

through the present.  It was incorporated by reference into the 1978 NBCWA and each

subsequent NBCWA.  In each agreement term after 1978 the language of the Evergreen Clause

was updated by adding at the end, "including, but not limited to, the National Bituminous Coal

Wage Agreement of [current year]."

21.     The rate at which participating employers must contribute to the 1974 Pension Trust is a

subject of bargaining between the UMWA and the BCOA, and is set by each NBCWA.

22.     The 2007 NBCWA took effect on January 1, 2007.  The 2007 NBCWA is a "successor

agreement" to the 1978 NBCWA.

23.     The 2007 NBCWA set a contribution rate of $2.00 per man-hour worked by certain

designated employees ("classified employees").

Allegations as to Defendant Freeman

24.     Defendant Freeman was a signatory to one or more NBCWAs between 1978 and 2007.

Each NBCWA to which Freeman was a signatory incorporated by reference the Evergreen

Clause set forth in the 1974 Pension Trust.

25.     Pursuant to the Evergreen Clause, Freeman is obligated to make contributions to the 1974

Pension Trust at the rates set forth in the 2007 NBCWA.

26.     Defendant Freeman has operated after January 1, 2007.

27.     Therefore, Freeman is obligated to contribute to the 1974 Pension Trust $2.00 for each

man-hour worked by its classified employees between January 1, 2007 and the present.

28.     By failing to make the required contribution, Freeman breached its obligation to continue

making contributions to the 1974 Pension Trust at the rates required under all successor

agreements to the 1978 NBCWA, including the 2007 NBCWA.

7

Allegations as to Defendant Bandmill

29.    Defendant Bandmill was a signatory to one or more NBCWAs between 1978 and 2007.

Each NBCWA to which Bandmill was a signatory incorporated by reference the Evergreen

Clause set forth in the 1974 Pension Trust Trust.

30.    Pursuant to the Evergreen Clause, Bandmill is obligated to make contributions to the

1974 Pension Trust at the rates set forth in the 2007 NBCWA.

31.    Defendant Bandmill has operated since January 1, 2007.

32.    Therefore, Bandmill is obligated to contribute to the 1974 Pension Trust $2.00 for each

man-hour worked by its classified employees between January 1, 2007 and the present.

33.    By failing to make the required contribution, Bandmill has breached its obligation to

continue making contributions to the 1974 Pension Trust at the rates required under all successor

agreements to the 1978 NBCWA, including the 2007 NBCWA.

Allegations as to Defendant Doss Fork

34.    Defendant Doss Fork was a signatory to one or more NBCWAs between 1978 and 2007.

Each NBCWA to which Doss Fork was a signatory incorporated by reference the Evergreen

Clause set forth in the 1974 Pension Trust Trust.

35.    Pursuant to the Evergreen Clause, Doss Fork is obligated to make contributions to the

1974 Pension Trust at the rates set forth in the 2007 NBCWA.

36.    Defendant Doss Fork has operated since January 1, 2007.

37.    Therefore, Doss Fork is obligated to contribute to the 1974 Pension Trust $2.00 for each

man-hour worked by its classified employees between January 1, 2007 and the present.

38.     By failing to make the required contribution, Doss Fork has breached its obligation to continue making contributions to the 1974 Pension Trust at the rates required under all successor agreements to the 1978 NBCWA, including the 2007 NBCWA.

Allegations as to Defendant East Star

39.     Defendant East Star was a signatory to one or more NBCWAs between 1978 and 2007. Each NBCWA to which East Star was a signatory incorporated by reference the Evergreen Clause set forth in the 1974 Pension Trust Trust.

40.     Pursuant to the Evergreen Clause, East Star is obligated to make contributions to the 1974 Pension Trust at the rates set forth in the 2007 NBCWA.

41.     Defendant East Star has operated since January 1, 2007.

42.     Therefore, East Star is obligated to contribute to the 1974 Pension Trust $2.00 for each man-hour worked by its classified employees between January 1, 2007 and the present.

43.     By failing to make the required contribution, East Star has breached its obligation to continue making contributions to the 1974 Pension Trust at the rates required under all successor agreements to the 1978 NBCWA, including the 2007 NBCWA.

Allegations as to Defendant Monterey

44.     Defendant Monterey was a signatory to one or more NBCWAs between 1978 and 2007. Each NBCWA to which Monterey was a signatory incorporated by reference the Evergreen Clause set forth in the 1974 Pension Trust Trust.

45.     Pursuant to the Evergreen Clause, Monterey is obligated to make contributions to the 1974 Pension Trust at the rates set forth in the 2007 NBCWA.

46.     Defendant Monterey has operated since January 1, 2007.

47.     Therefore, Monterey is obligated to contribute to the 1974 Pension Trust $2.00 for each man-hour worked by its classified employees between January 1, 2007 and the present.

48.     By failing to make the required contribution, Monterey has breached its obligation to continue making contributions to the 1974 Pension Trust at the rates required under all successor agreements to the 1978 NBCWA, including the 2007 NBCWA.

Allegations as to Defendant Postar

49.     Defendant Postar was a signatory to one or more NBCWAs between 1978 and 2007. Each NBCWA to which Postar was a signatory incorporated by reference the Evergreen Clause set forth in the 1974 Pension Trust Trust.

50.     Pursuant to the Evergreen Clause, Postar remains obligated to make contributions to the 1974 Pension Trust at the rates set forth in the 2007 NBCWA.

51.     Defendant Postar has operated since January 1, 2007.

52.     Therefore, Postar is obligated to contribute to the 1974 Pension Trust $2.00 for each man-hour worked by its classified employees between January 1, 2007 and the present.

53.     By failing to make the required contribution, Postar has breached its obligation to continue making contributions to the 1974 Pension Trust at the rates required under all successor agreements to the 1978 NBCWA, including the 2007 NBCWA.

Allegations as to Defendant Litwar

54.     Defendant Litwar was a signatory to one or more NBCWAs between 1978 and 2007. Each NBCWA to which Litwar was a signatory incorporated by reference the Evergreen Clause set forth in the 1974 Pension Trust Trust.

55.     Pursuant to the Evergreen Clause, Litwar remains obligated to make contributions to the 1974 Pension Trust at the rates set forth in the 2007 NBCWA.

56.    Defendant Litwar has operated since January 1, 2007.

57.    Therefore, Litwar is obligated to contribute to the 1974 Pension Trust $2.00 for each man-hour worked by its classified employees between January 1, 2007 and the present.

58.    By failing to make the required contribution, Litwar has breached its obligation to continue making contributions to the 1974 Pension Trust at the rates required under all successor agreements to the 1978 NBCWA, including the 2007 NBCWA.

Allegations as to Defendant Power Mountain

59.    Defendant Power Mountain was a signatory to one or more NBCWAs between 1978 and 2007. Each NBCWA to which Power Mountain was a signatory incorporated by reference the Evergreen Clause set forth in the 1974 Pension Trust Trust.

60.    Pursuant to the Evergreen Clause, Power Mountain remains obligated to make contributions to the 1974 Pension Trust at the rates set forth in the 2007 NBCWA.

61.    Defendant Power Mountain has operated since January 1, 2007.

62.    Therefore, Power Mountain is obligated to contribute to the 1974 Pension Trust for each man-hour worked by its classified employees between January 1, 2007 and the present.

63.    By failing to make the required contribution, Power Mountain has breached its obligation to continue making contributions to the 1974 Pension Trust at the rates required under all successor agreements to the 1978 NBCWA, including the 2007 NBCWA.

Allegations as to Defendant Goals

64.    Defendant Goals was a signatory to one or more NBCWAs between 1978 and 2007. Each NBCWA to which Goals was a signatory incorporated by reference the Evergreen Clause set forth in the 1974 Pension Trust Trust.

65.     Pursuant to the Evergreen Clause, Goals remains obligated to make contributions to the 1974 Pension Trust at the rates set forth in the 2007 NBCWA.

66.     Defendant Goals has operated since January 1, 2007.

67.     Therefore, Goals is obligated to contribute to the 1974 Pension Trust $2.00 for each man-hour worked by its classified employees between January 1, 2007 and the present.

68.     By failing to make the required contribution, Goals has breached its obligation to continue making contributions to the 1974 Pension Trust at the rates required under all successor agreements to the 1978 NBCWA, including the 2007 NBCWA.

### Statement of Claim

69.     Plaintiffs incorporate the allegations of paragraphs 1 through 68 as if set forth in full.

70.     Each defendant is required to continue making contributions to the 1974 Pension Trust at the rates required under all successor agreements to the 1978 NBCWA, including the 2007 NBCWA.

71.     Each defendant breached its obligation to continue making contributions to the 1974 Pension Trust at the rates required under all successor agreements to the 1978 NBCWA by failing to make all of the contributions required under the 2007 NBCWA.

72.     The failure of each defendant to make the contributions described in paragraph 71 is a breach of that defendant's collective bargaining agreement, actionable under section 301 of the LMRA, 29 U.S.C. § 185, and of the terms of the 1974 Pension Trust, as well as a violation of ERISA § 515, 29 U.S.C. § 1145.

### Prayer for Relief

WHEREFORE, plaintiffs ask the Court to declare that each defendant is obligated to make contributions to the plaintiff 1974 Pension Trust as specified herein at the rates required

under the 2007 NBCWA, and to award plaintiffs a judgment against each defendant in the amount of the delinquent contributions owed, together with interest, liquidated damages, attorneys' fees and costs, and such other legal and equitable relief to which plaintiffs are entitled.

Respectfully submitted,

*Julia Penny Clark - CG*
JULIA PENNY CLARK
D.C. Bar No. 269609
CHARLOTTE GARDEN
D.C. Bar No. 489040
Bredhoff & Kaiser P.L.L.C.
805 Fifteenth Street N.W.
Suite 1000
Washington, DC 20005
Telephone: 202-842-2600


DAVID W. ALLEN
General Counsel
D.C. Bar No. 81638
LARRY D. NEWSOME
Associate General Counsel
D.C. Bar No. 254763
CHRISTOPHER F. CLARKE
Senior Assistant General Counsel
D.C. Bar No. 441708

UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C. 20037
Telephone: 202-521-2238


Attorneys for Plaintiffs

March 14, 2007

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MICHAEL H. HOLLAND, MICHEAL W. BUCKNER, B.V. HYLER and STEVEN F. SCHAAB as TRUSTEES of the UNITED MINE WORKERS OF AMERICA 1974 PENSION TRUST | FREEMAN UNITED COAL MINING CO., BANDMILL COAL COMPANY, DOSS FORK COAL COMPANY, INC., EAST STAR MINING, INC., MONTEREY COAL COMPANY, POSTAR COAL COMPANY, INC., LITWAR PROCESSING COMPANY, LLC, POWER MOUNTAIN COAL COMPANY, DRUMMOND COMPANY, INC., and GOALS COAL COMPANY |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 11001
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Julia Penny Clark
Bredhoff & Kaiser, PLLC
805 15th Street NW, Suite 1000
Washington DC 20005
(phone) 202-842-2600

ATTORNEYS (IF KNOWN)

For Freeman United Coal Mining Co.:
Susan C. Levy
Jenner & Block, LLP
330 North Wabash Avenue
Chicago, IL 60611
(phone) 312-222-9350

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

◉ 3 Federal Question
(U.S. Government Not a Party)

○ 2 U.S. Government Defendant

○ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ◉ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

## V. ORIGIN

⊗ 1 Original
  Proceeding

○ 2 Removed
  from State
  Court

○ 3 Remanded from
  Appellate Court

○ 4 Reinstated
  or Reopened

○ 5 Transferred from
  another district
  (specify)

○ 6 Multi district
  Litigation

○ 7 Appeal to
  District Judge
  from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

29 USC Sec. 1001 et seq. and 29 USC Sec. 141 et seq.   This is an action to recover delinquent contributions to plaintiff Pension Fund.

## VII. REQUESTED IN COMPLAINT

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ ⌐Amounts are currently accruing⌐   Check YES only if demanded in complaint

JURY DEMAND:    YES ☒    NO ☐

## VIII. RELATED CASE(S) IF ANY

(See instruction)    YES ☒    NO ☐    If yes, please complete related case form.

DATE  3/14/07

SIGNATURE OF ATTORNEY OF RECORD  *Julia Penny Clark - CAG*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.