UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL H. HOLLAND, MICHAEL W. )
BUCKNER, B.V. HYLER, and STEVEN F. )
SCHAAB, as Trustees of the United Mine )
Workers of America 1974 Pension Plan, )
                                             )
                Plaintiffs, )
                                             )
v.                                       )   CASE NO. 1:07-cv-00490-PLF
                                         )
FREEMAN UNITED COAL MINING )
COMPANY, BANDMILL COAL COAL )
COMPANY, EAST STAR MINING, INC., )
MONTEREY COAL COMPANY, POSTAR )
COAL COMPANY INC., LITWAR )
PROCESSING COMPANY LLC, POWER )
MOUNTAIN COAL COMPANY, and )
GOALS COAL COMPANY, )
                                              )
                Defendants. )

ANSWER OF DEFENDANT MONTEREY COAL COMPANY

Defendant Monterey Coal Company ("Monterey"), by counsel, hereby answers the Complaint of the Trustees of the United Mine Workers of America 1974 Pension Trust ("1974 Pension Trust") as follows:

First Defense

1. The first sentence in paragraph 1 of the Complaint consists of Plaintiffs' characterization of the action and requires no response. Defendant Monterey admits the allegation in the second sentence of paragraph 1 that its hourly workers are represented by the United Mine Workers of America. Defendant Monterey admits the allegations in the third sentence of paragraph 1 that, in the past, it has been signatory to coal wage agreements known as the National Bituminous Coal Wage Agreements ("NBCWA") negotiated between the UMWA

and the Bituminous Coal Operators Association ("BCOA"), but denies that it is currently signatory to such an agreement. Defendant Monterey admits the allegation in the fourth sentence of paragraph 1 that it agreed to participate in the 1974 Pension Trust during the term of each NBCWA to which it was signatory, but avers that the reference to the "Evergreen Clause" in the 1974 Pension Trust is too ambiguous to allow Defendant Monterey to admit or deny the remaining allegations in this sentence. The characterization of the "Evergreen Clause" in the fifth sentence of paragraph 1 of the Complaint is too ambiguous, lacks a point of reference, and is therefore denied. Defendant Monterey admits the allegation in the sixth sentence of paragraph 1 that contribution rates to the 1974 Pension Trust are currently set at $2.00 per man hour, but denies that it is signatory to a 2007 NBCWA. Defendant Monterey admits the allegation in the seventh sentence of paragraph 1 that it has not contributed to the 1974 Pension Trust at the $2.00 per hour, but avers that it is not signatory to a current agreement that requires contributions at a rate of $2.00 per hour.

2. Defendant Monterey admits the jurisdictional allegations in paragraph 2 of the complaint.

3. Defendant Monterey admits that venue is proper in this Court, but avers that venue is more appropriate in the Central District of Illinois.

4. Defendant Monterey admits the allegations in paragraph 4 of the Complaint.

5. On information and belief, Defendant Monterey admits the allegations in paragraph 5 of the Complaint.

6. Defendant Monterey is without information sufficient to admit or deny the basis for Plaintiffs' decision to bring this action, and avers that the statutory sections cited in paragraph 6 speak for themselves.

7.  The allegations in paragraph 7 of the Complaint do not pertain to Defendant Monterey and no answer is required.

8.  The allegations in paragraph 8 of the Complaint do not pertain to Defendant Monterey and no answer is required.

9.  The allegations in paragraph 9 of the Complaint do not pertain to Defendant Monterey and no answer is required.

10. The allegations in paragraph 10 of the Complaint do not pertain to Defendant Monterey and no answer is required.

11. Defendant Monterey admits the allegations in the first sentence of paragraph 11 of the Complaint. Defendant Monterey admits that it is registered to do business in the State of Illinois as a division of ExxonMobil Coal USA Inc., a Delaware corporation, but denies that it is a corporation.

12. The allegations in paragraph 12 of the Complaint do not pertain to Defendant Monterey and no answer is required.

13. The allegations in paragraph 13 of the Complaint do not pertain to Defendant Monterey and no answer is required.

14. The allegations in paragraph 14 of the Complaint do not pertain to Defendant Monterey and no answer is required.

15. The allegations in paragraph 15 of the Complaint do not pertain to Defendant Monterey and no answer is required.

16. On information and belief, Defendant Monterey admits the allegations in paragraph 16 of the Complaint.

17. Defendant Monterey avers that the "2007 NBCWA" referenced in paragraph 17 of the Complaint speaks for itself, but denies the allegation that such agreement was entered into by a group of employers within the meaning of Section 301 of the LMRA.

18. Defendant Monterey admits the allegation in the first sentence of paragraph 18 of the Complaint that by agreeing to be bound to an NBCWA an employer obligates itself to participate in and be bound by the terms of the 1974 Pension Trust during the term of the agreement. With respect to the second sentence of paragraph 18 of the Complaint, Monterey relies on Article XX to speak for itself.

19. Defendant Monterey relies on the language in the 1978 version of the 1974 Pension Trust to speak for itself.

20. Defendant Monterey relies on the language in the 1974 Pension Trust that has appeared in NBCWAs subsequent to the 1978 NBCWA to speak for itself.

21. Defendant Monterey admits the allegation in paragraph 21 that the NBCWA to which it has in the past been signatory established a contribution rate for the 1974 Pension Trust, but denies that it is currently signatory to a NBCWA which establishes a contribution rate.

22. Defendant Monterey admits that an agreement which purports to be a 2007 national agreement took effect on January 1, 2007. The allegation in the second sentence of paragraph 22 that this agreement is a successor agreement to the 1978 NBCWA is denied.

23. Defendant Monterey admits the allegation in paragraph 23 that the agreement which purports to be the 2007 national agreement set a contribution rate of $2.00 per man hour worked by certain designated employees, but denies that it is signatory to that agreement.

24-43. The allegations in paragraphs 24 through 43 do not pertain to Defendant Monterey and therefore require no response.

4

44. Defendant Monterey admits the allegations in paragraph 44 of the Complaint that prior to 2007 it was signatory to one or more NBCWAs, but relies on the language in the Pension Trust in effect during the term of those agreements to speak for itself.

45. Defendant Monterey denies the allegations in paragraph 45 of the Complaint.

46. Defendant Monterey admits the allegations in paragraph 46 of the Complaint.

47. Defendant Monterey denies the allegations in paragraph 47 of the Complaint.

48. Defendant Monterey denies the allegations in paragraph 48 of the Complaint.

49-68. The allegations in paragraphs 49 through 68 of the Complaint do not pertain to Defendant Monterey and therefore require no response.

69. Defendant Monterey incorporates its responses to paragraphs 1 through 68 as if set forth in full.

70. Defendant Monterey denies the allegation that it is required to contribute to the 1974 Pension Trust with respect to periods beginning on and after January 1, 2007 because Defendant Monterey is not signatory to a wage agreement that requires such contributions.

71. Defendant Monterey denies the allegations in paragraph 71 of the Complaint.

72. Defendant Monterey denies the allegations in paragraph 72 of the Complaint that it is obligated to make the contributions demanded in the Complaint, denies that it is currently signatory to a collective bargaining agreement and therefore denies all the remaining allegations in paragraph 72 of the Complaint.

73. Defendant Monterey denies that Plaintiffs are entitled to the relief requested in their Prayer for Relief.

74. All allegations in the Complaint not specifically admitted are hereby denied.

75. Defendant Monterey denies that Plaintiffs are entitled to a jury trial.

<u>Second Defense</u>

The Complaint must be dismissed against Defendant Monterey because Plaintiffs have failed to state a claim against Monterey Coal Company upon which relief can be granted.

>                                Respectfully submitted,
>
>                                _____/s/_____
>                                John R. Woodrum
>                                D.C. Bar No. 933457
>                                Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
>                                Fifth Floor
>                                2400 N Street, N.W.
>                                Washington, DC  20037
>                                john.woodrum@odnss.com
>                                Phone:  (202) 887-0855
>                                Fax:    (202) 887-0866

Dated May 1, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2007, I filed the foregoing Answer Of Defendant Monterey Coal Company via ECF, and that I served said Answer via first-class mail on those parties not registered to be served electronically, through their registered agents, at the following addresses:

BANDMILL COAL COMPANY
c/o Legal Department
315 70th Street, S.E.
Charleston, WV 25304

EAST STAR MINING, INC.
c/o A. Benton Chafin, Jr.
118 Southeast Main Street
Lebanon, VA 24266

LITWAR PROCESSING COMPANY, LLC
c/o Corporation Service Company
209 W. Washington Street
Charleston, WV 25302

POWER MOUNTAIN COAL COMPANY
c/o Legal Department
315 70th Street, S.E.
Charleston, WV 25304

GOALS COAL COMPANY
c/o Legal Department
315 70th Street, S.E.
Charleston, WV 25304

Respectfully submitted,

/s/
John R. Woodrum
D.C. Bar No. 933457
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Fifth Floor
2400 N Street, N.W.
Washington, DC 20037
john.woodrum@odnss.com
Phone: (202) 887-0855
Fax: (202) 887-0866