IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, MICHAEL W. BUCKNER, B.V. HYLER, and STEVEN F. SCHAAB, as Trustees of the United Mine Workers of America 1974 Pension Trust,<br>      Plaintiffs,<br><br>v.<br><br>FREEMAN UNITED COAL MINING COMPANY, BANDMILL COAL COMPANY, EAST STAR MINING, INC., MONTEREY COAL COMPANY, POSTAR COAL COMPANY, INC., LITWAR PROCESSING COMPANY, LLC., POWER MOUNTAIN COAL COMPANY, and GOALS COAL COMPANY,<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CASE No. 1:07-cv-00490-PLF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF EAST STAR MINING, INC.

Defendant, East Star Mining, Inc. ("East Star"), by counsel, answers the Plaintiffs' Complaint as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

In answer to the specific allegations of the Complaint:

1. The allegations in the first sentence of paragraph 1 of the Complaint are legal conclusions to which no response is required. If, however, a response is required, the same are denied. In response to the second sentence of paragraph 1 of the Complaint, Defendant East Star admits that its hourly workers are represented by the United Mine Workers of America, but lacks knowledge and information sufficient to form a belief as

1

the truth of the allegations with respect to any other Defendant. The allegations contained in the third, fourth, and fifth sentences of paragraph 1 of the Complaint are legal conclusions, to which no response is required. If, however, a response is required, the same are denied. Defendant East Star lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the sixth sentence of Paragraph 1 of the Complaint. In response to the seventh sentence of Paragraph 1 of the Complaint: Defendant East Star admits that it has not made contributions to the 1974 Pension Trust at the rate of $2.00 per man hour since January 1. 2007; Defendant East Star is without knowledge and information sufficient to form a belief as to the truth of any allegation regarding any other Defendant.

2. Defendant East Star admits that this Court has jurisdiction over this action.

3. Defendant East Star admits that venue is proper in this district.

4. Defendant East Star admits the allegations of Paragraph 4 of the Complaint.

5. Defendant East Star is without knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 5 of the Complaint. Defendants admit that 1974 Pension Trust maintains an office at 2121 K St., N.W., Washington, DC. The remaining allegations of Paragraph 5 of the Complaint are legal conclusions to which no response is required.

6. The allegations of paragraph 6 of the Complaint are legal conclusions to which no response is required.

7. Defendant East Star is without knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8. Defendant East Star is without knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9. Defendant East Star is without knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10. The first sentence of paragraph 10 is a legal conclusion to which no response is required. Defendant East Star admits the remaining allegations of paragraph 10 of the Complaint.

11. Defendant East Star is without knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12. Defendant East Star is without knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint.

13. Defendant East Star is without knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint.

14. Defendant East Star is without knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint.

15. Defendant East Star is without knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint.

16. Defendant East Star admits the existence of the statutory authorities and documents referred to in paragraph 16 of the Complaint, but relies upon them to speak for themselves rather than on plaintiffs' characterization thereof. Defendant East Star admits that the UMWA is a labor organization. The allegations of the last sentence of paragraph 16 are legal conclusions, to which no response is required.

17.     Defendant East Star is without knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

18.     The allegations of paragraph 18 of the Complaint are legal conclusions to which no response is required.  If, however, a response is required, the same are denied. Defendant East Star admits the existence of the documents described in paragraph 18, but relies upon those documents to speak for themselves, rather than on plaintiffs' characterization thereof.

19.     Defendant East Star admits the existence of the document described in paragraph 19, but relies upon that document to speak for itself, rather than on plaintiffs' characterization thereof.

20.     Defendant East Star admits the existence of the documents described in paragraph 20, but relies upon those documents to speak for themselves, rather than on plaintiffs' characterization thereof.

21.     Defendant East Star admits that contribution rates to the 1974 Pension Trust are a subject of bargaining between the UMWA and the BCOA; the remaining allegations of paragraph 21 of the Complaint are legal conclusions, to which no response is required. If, however, a response is required, the same are denied.

22.     Defendant East Star is without knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 22 of the Complaint.  The allegations of the second sentence of paragraph 22 of the Complaint are legal conclusions to which no response is required. If, however, a response is required, the same are denied.

23.     Defendant East Star is without knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

24 to 38.  Defendant East Star is without knowledge and information sufficient to form a belief as to the truth of the allegations of paragraphs 24 through 38 of the Complaint.

39.     Defendant East Star admits the allegations of the first sentence of paragraph 39 of the Complaint.  Defendant East Star admits the existence of the documents described in the second sentence of paragraph 39 of the Complaint, but relies upon those documents to speak for themselves, rather than on plaintiffs' characterization thereof.

40.     The allegations of paragraph 40 are legal conclusions to which no response is required.  If, however, a response is required, the same are denied.

41.     In response to the allegations of paragraph 41 of the Complaint, Defendant East Star admits that it has engaged in coal mining operations since January 1, 2007.

42.     The allegations of paragraph 42 are legal conclusions to which no response is required.  If, however, a response is required, the same are denied.

43.     The allegations of paragraph 43 are legal conclusions to which no response is required.  If, however, a response is required, the same are denied.

44 through 68.  Defendant East Star is without knowledge and information sufficient to form a belief as to the truth of the allegations of paragraphs 44 through 68 of the Complaint.

69.     In response to paragraph 69 of the Complaint, Defendant East Star incorporates its responses to paragraphs 1 through 68, as if set forth fully.

70.     The allegations of paragraph 70 are legal conclusions to which no response is required.  If, however, a response is required, the same are denied.

71. The allegations of paragraph 71 are legal conclusions to which no response is required. If, however, a response is required, the same are denied.

72. The allegations of paragraph 72 are legal conclusions to which no response is required. If, however, a response is required, the same are denied.

Further answering the Complaint, Defendant East Star denies each and every allegation not specifically admitted or otherwise answered. Defendant East Star denies that plaintiffs are entitled to the relief demanded or to any relief whatsoever.

WHEREFORE, Defendant East Star requests that the Complaint be dismissed as to East Star, and that a judgment be issued in its favor, including costs and attorneys' fees, and such other relief as the Court deems just.

Respectfully submitted,

/s/ Jeffrey B. Cohen
JEFFREY B. COHEN
D.C. Bar No. 347880
JCohen@ipbtax.com
JONATHAN ZIMMERMAN
D.C. Bar No. 491808
JZimmeran@ipbtax.com
IVINS, PHILLIPS & BARKER
1700 Pennsylvania Ave., N.W., Suite 600
Washington, DC 20006
Phone: (202) 393-7600
Fax:    (202) 393-7601
COUNSEL FOR DEFENDANT EAST STAR MINING, INC.

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 1st day of May, 2007 I electronically filed the foregoing Answer of East Star Mining, Inc. using the CM/ECF system which will send notification of such filing to the attorneys of record on this case as listed below. The remaining parties were served via regular U.S. mail on the 1st day of May, 2007, through their respective registered agents for service.

Julia Penny Clark, Esq.
Chalotte Garden, Esq.
Bredhoff & Kaiser, P.L.L.C.
805 15th Street, N.W., Suite 1000
Washington, DC 20005-2207
(202) 842-2600
jpclark@bredhoff.com
cgarden@bredhoff.com
ATTORNEYS FOR PLAINTIFFS

David W. Allen, Esq.
Larry D. Newsome, Esq.
Christopher F. Clarke, Esq.
UMWA Health & Retirement Funds
Office of the General Counsel
2121 K. Street, N.W.
Washington, DC 20037
(202) 521-2238
CClarke@umwafunds.org
ATTORNEYS FOR PLAINTIFFS

Michael W. Robinson, Esq.
Venable, Baetjer & Howard, LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182-2707
(703) 760-1988
mwrobinson@venable.com
ATTORNEY FOR DEFENDANT FREEMAN UNITED COAL MINING COMPANY

Paul M. Smith, Esq.
Jenner & Block
601 13th Street, NW
Suite 1200 South
Washington, DC 20005
(202) 639-6000
psmith@jenner.com
ATTORNEY FOR DEFENDANT FREEMAN UNITED COAL MINING COMPANY

John R. Woodrum, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2400 N. Street, Fifth Floor
Washington, DC 20037
(202) 887-0800
John.woodrum@ogletreedeakins.com
ATTORNEY FOR DEFENDANT MONTEREY COAL COMPANY

BANDMILL COAL COMPANY
c/o Legal Dept.
315 70th Street, S.E.
Charlston, WV 25304

LITWAR PROCESSING COMPANY
c/o Corporation Service Company
209 W. Washington St.
Charleston, WV 25302

POWER MOUNTAIN COAL COMPANY
c/o Legal Dept.
315 70th Street, S.E.
Charleston, WV 25304

GOALS COAL COMPANY
c/o Legal Dept.
315 70th Street, S.E.
Charleston, WV 25304

/s/ Jeffrey B. Cohen
Jeffrey B. Cohen