IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL H. HOLLAND, MICHEAL W. BUCKNER, B.V. HYLER, and STEVEN F. SCHAAB, as Trustees of the United Mine Workers of America 1974 Pension Trust, Plaintiffs, | ) ) ) ) ) | |
| | ) | |
| v. | ) | CASE No. 1:07-cv-00490-PLF |
| | ) | |
| FREEMAN UNITED COAL MINING COMPANY, EAST STAR MINING, INC., MONTEREY COAL COMPANY, Defendants. | ) ) ) ) ) | **DEMAND FOR JURY TRIAL** |

## ANSWER OF DEFENDANT FREEMAN UNITED COAL MINING COMPANY

Defendant, Freeman United Coal Mining Company ("Freeman"), by counsel, hereby

answers the Plaintiffs' Complaint as follows:

First Defense

In answer to the specific allegations of the Complaint:

1.      The first sentence of the first paragraph consists of Plaintiffs' characterization of

their action and states a legal conclusion to which no response is required.  If, however, a

response is required, the characterization is denied.  The second sentence of the first paragraph is

admitted in part:  Defendant Freeman admits that it is a coal company whose hourly workers are

represented by the United Mine Workers of America, but Freeman is without knowledge or

information sufficient to form a belief as to the truth of this averment as it applies to other

defendants.  The third through fifth sentences of the first paragraph state legal conclusions to

which no response is required.  If a response is required, the averments are denied.  The sixth

sentence of the first paragraph is admitted in part:  Defendant Freeman admits that the 1974

Pension Trust demanded increased contribution rates of $2.00 per man-hour effective January 1, 2007;   Defendant Freeman denies that its contribution rates are determined by the current NBCWA and denies that the current agreement between the BCOA and the UMWA is a "National" Bituminous Coal Wage Agreement.  The final sentence of the first paragraph is admitted in part:  Defendant Freeman admits that it has not contributed to the 1974 Pension Trust since the new rate became effective on January 1, 2007; Defendant Freeman denies that it is obligated to make such contributions.

     2.      Admitted.

     3.      Admitted.

     4.      Admitted.

     5.      The first sentence of the fifth paragraph is admitted.  The second sentence of the fifth paragraph states a legal conclusion to which no response is required.  The third sentence of the fifth paragraph is admitted upon information and belief.

     6.      Defendant Freeman is without knowledge or information sufficient to form a belief as to the truth of the averment set forth in the sixth paragraph, which state Plaintiffs' characterization of its own action.  Further, the averments of this paragraph are legal conclusions to which no response is required.

     7.      The first sentence of the seventh paragraph states a legal conclusion to which no response is required.  The remainder of the seventh paragraph is admitted.

     8.      Defendant Freeman is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in the eighth paragraph.

     9.      Defendant Freeman is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in the ninth paragraph.

10.    Defendant Freeman is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in the tenth paragraph.

11.    Defendant Freeman is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in the eleventh paragraph.

12.    Defendant Freeman is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in the twelfth paragraph.

13.    Defendant Freeman is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in the thirteenth paragraph.

14.    Defendant Freeman is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in the fourteenth paragraph.

15.    Defendant Freeman is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in the fifteenth paragraph.

16.    The first sentence of the sixteenth paragraph is admitted in part:  Defendant Freeman admits upon information and belief that the UMWA and BCOA have negotiated a series of collective bargaining agreements that are called "NBCWAs."  Further, the characterization of the UMWA states a legal conclusion to which no response is required.  The second sentence of the sixteenth paragraph states a legal conclusion to which no response is required.

17.    The first sentence of the seventeenth paragraph is denied.  The second sentence of the seventeenth paragraph states a legal conclusion to which no response is required.  If a response is required, the averment is denied.

18.    The first sentence of the eighteenth paragraph states a legal conclusion to which no response is required.  If a response is required, the averment is denied.  In response to the

second sentence of the eighteenth paragraph, Defendant Freeman relies on the document to speak for itself.

19.     Defendant Freeman relies on the document referred to in the nineteenth paragraph to speak for itself.

20.     Defendant Freeman relies on the documents referred to in the twentieth paragraph to speak for themselves.

21.     The twenty-first paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Defendant Freeman finds the term "participating employers" to be too vague to provide such response and therefore denies the allegations.

22.     The first sentence of the twenty-second paragraph is admitted in part and denied in part:  Defendant Freeman admits that an agreement called the "2007 NBCWA" took effect on January 1, 2007; Defendant Freeman denies that such an agreement is a "National" Bituminous Coal Wage Agreement and denies that it is bound by that agreement.  The second sentence of the twenty-second paragraph is denied:  The 2007 NBCWA is not a "successor agreement" to the 1978 NBCWA because, among other reasons, it was negotiated by and for the benefit of a single company and its affiliates, it was not negotiated by an actual multi-employer bargaining unit, and it is tantamount to a single company agreement with UMWA.

23.     Admitted in part and denied in part:  Defendant Freeman admits that an agreement called the "2007 NBCWA" set a contribution rate of $2.00 per man-hour worked by certain designated employees; Defendant Freeman denies that the 2007 NBCWA is in fact a "National" Bituminous Coal Wage Agreement and denies that it is bound by that agreement.

24.     The twenty-fourth paragraph is admitted in part:  Defendant Freeman admits that it was a signatory to the NBCWAs in effect from 1978 through the 1993 NBCWA.  Freeman relies on the documents referred to in this paragraph to speak for themselves.

25.     The twenty-fifth paragraph states a legal conclusion to which no response is required.  If a response is required, the averment is denied:  Freeman is not required to make contributions to the 1974 Pension Trust at the rates set forth in the 2007 NBCWA because:  (a) Freeman's 2003 agreement with the UMWA does not require Freeman to contribute at the rates contained in the 2007 NBCWA; (b) under the 2003 Freeman Agreement, Freeman agreed to make contributions at rates set by BCOA only when additional contributions were necessary to fund guaranteed benefits during the term of the 2003 Freeman Agreement, and there is no such need; (c) under the 2003 Freeman Agreement, Freeman agreed to make increased contributions at rates set only by a true multi-employer bargaining unit and, in this case, the rate of contributions was raised by an instrumentality of a Freeman competitor and not a true multi-employer bargaining unit; (d) the Evergreen Clause does not require Freeman to contribute at the rates contained in the 2007 NBCWA; (e) when the BCOA and the Union agreed to unequal contribution rates in the 2002 NBCWA, any obligation Freeman had under the Evergreen Clause was eliminated; and (f) the 2007 NBCWA is not a successor agreement to the 2002 NBCWA, the prior national agreement.

26.     Admitted.

27.     The twenty-seventh paragraph states a legal conclusion to which no response is required.  If a response is required, the averment is denied.  Freeman is not obligated to contribute to the 1974 Pension Trust $2.00 for each man-hour worked by its classified employees between January 1, 2007 and the present because:  (a) Freeman's 2003 agreement with the

UMWA does not require Freeman to contribute at the rates contained in the 2007 NBCWA; (b) under the 2003 Freeman Agreement, Freeman agreed to make contributions at rates set by BCOA only when additional contributions were necessary to fund guaranteed benefits during the term of the 2003 Freeman Agreement, and there is no such need; (c) under the 2003 Freeman Agreement, Freeman agreed to make increased contributions at rates set only by a true multi-employer bargaining unit and, in this case, the rate of contributions was raised by an instrumentality of a Freeman competitor and not a true multi-employer bargaining unit; (d) the Evergreen Clause does not require Freeman to contribute at the rates contained in the 2007 NBCWA; (e) when the BCOA and the Union agreed to unequal contribution rates in the 2002 NBCWA, any obligation Freeman had under the Evergreen Clause was eliminated; and (f) the 2007 NBCWA is not a successor agreement to the 2002 NBCWA, the prior national agreement.

28.     The twenty-eighth paragraph states a legal conclusion to which no response is required.  If a response is required, the averment is denied.

29-68.  Defendant Freeman is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 29 through 68.

69.     Defendant Freeman incorporates its responses to paragraphs 1 through 68, as if set forth fully.

70.     The seventieth paragraph states a legal conclusion to which no response is required.  If a response is required, the averment is denied.

71.     The seventy-first paragraph states a legal conclusion to which no response is required.  If a response is required, the averment is denied.

72.     The seventy-second paragraph states a legal conclusion to which no response is required.  If a response is required, the averment is denied.

Further answering the Complaint, Defendant Freeman denies each and every allegation not specifically admitted or otherwise answered.  Defendant Freeman denies that Plaintiffs are entitled to the relief requested in their Prayer for Relief or to any relief.  Defendant Freeman further denies that Plaintiffs are entitled to a jury trial.

<u>Second Defense</u>

The Complaint fails to state a claim against Defendant Freeman upon which relief can be granted.

<u>Jury Demand</u>

Pursuant to Federal Rule of Civil Procedure 38, Defendant Freeman hereby demands trial by jury as to Plaintiffs' claims for relief.

WHEREFORE, Defendant Freeman requests that the Complaint be dismissed as to Freeman, and that a judgment be issued in its favor, including costs and attorneys' fees, and such other relief as the Court deems just.

Respectfully submitted:

FREEMAN UNITED COAL MINING COMPANY

By:    /s/Paul M. Smith_____

Paul M. Smith
DC Bar No. 358870
Jessica Ring Amunson
DC Bar No. 497223
JENNER & BLOCK LLP
601 13th Street, N.W.
Washington, D.C.  20005
Telephone:  (202) 639-6000
Facsimile:  (202) 661-4993
psmith@jenner.com
jamunson@jenner.com

Michael W. Robinson
DC Bar No. 437979
Gregory J. Ossi
DC Bar No. 460243
VENABLE LLP
8010 Towers Crescent Drive
Suite 300
Vienna, VA 22182
Telephone:  (703) 760-1600
Facsimile:  (703) 821-8949
mwrobinson@venable.com
gjossi@venable.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of June, 2007 I electronically filed the foregoing Answer of Defendant Freeman United Coal Mining Company using the CM/ECF system, which will send notification of such filing to the attorneys of record on this case as listed below.

   /s/ Paul M. Smith

Julia Penny Clark
DC Bar No. 269609
Charlotte Garden
DC Bar No. 489040
BREDHOFF & KAISER, PLLC
805 Fifteenth Street, NW, Suite 1000
Washington, DC 20005
Telephone: (202) 842-2600
Facsimile: (202) 842-1888
jpclark@bredhoff.com
cgarden@bredhoff.com

David W. Allen
DC Bar No. 81638
Larry D. Newsome
DC Bar No. 254763
Christopher F. Clarke
DC Bar No. 441708
UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel
2121 K Street, N.W.
Washington, DC 20037
Telephone: (202) 521-2238
Facsimile: (202) 842-1888
cclarke@umwafunds.org

*Counsel for Plaintiffs 1974 Pension Trust*

Jeffrey B. Cohen
DC Bar No. 347880
IVINS, PHILLIPS & BARKER
1700 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20006
Telephone: (202) 393-7600
Facsimile: (202) 393-7601
jcohen@ipbtax.com

*Counsel for Defendant East Star Mining, Inc.*

John R. Woodrum
DC Bar No. 933457
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC
2400 N Street
Fifth Floor
Washington, DC 20037
Telephone: (202) 887-0800
Facsimile: (202) 887-0866
john.woodrum@ogletreedeakins.com

*Counsel for Defendant Monterey Coal Company*