# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

Michael H. Holland, Micheal W. Buckner, )
B.V. Hyler and Steven F. Schaab as Trustees )
of the United Mine Workers of America 1974 )
Pension Trust, )
                                )
         Plaintiffs, )
                                )
         v. )
                                )    Case No. 07-cv-490
                                )    Judge Paul L. Friedman
Freeman United Coal Mining Company, )
et al., )
                                )
         Defendants. )
_____)

Freeman United Coal Mining )
Company, )
                                )
         Plaintiff, )    Case No. 07-cv-1050
                                )    Judge Paul L. Friedman
v. )
                                  )
United Mine Workers of )
America, et al., )
                                )
         Defendants. )
_____)

## LOCAL RULE 16.3 REPORT

      The parties, through their respective counsel, hereby submit this Joint Rule 16.3

statement.  This report refers to the parties as follows:

- 1974 Pension Trust and its trustees, collectively:  "Pension Trust."

- Bituminous Coal Operators' Association, Inc.: "BCOA."

- United Mine Workers of America:  "UMWA."

- Freeman United Coal Mining Company: "Freeman."

- Monterey Coal Company:  "Monterey."

Counsel for all parties met in person on July 6, 2007, and discussed all of the matters identified in Local Civil Rule 16.3. The following is the parties' joint report of that meeting. Where the parties were unable to reach agreement on an aspect of pretrial discovery or scheduling, their respective positions are stated in paragraphs lettered "A" and "B."

1.     Whether the case is likely to be disposed of by dispositive motion, and whether, if a dispositive motion has already been filed the parties should recommend to the Court that discovery or other matters should await a decision on the motion:

**A. Pension Trust, BCOA, and UMWA** believe that this case likely will be decided on dispositive motions based upon the D.C. Circuit's precedential decision in *United Mine Workers of America 1974 Pension v. Pittston Co.*, 984 F.2d 469 (D.C. Cir. 1993), which affirmed summary judgment on the general meaning and enforceability of the same contract clause at issue here. These parties believe that the current cases present only a narrow question of how that clause applies in present circumstances, and should likewise be capable of resolution on summary judgment. Pension Trust, BCOA, and UMWA therefore propose to file motions for summary judgment on or before August 20, 2007, and recommend that discovery before the Court decides those motions should be limited to that which is appropriate and permitted under Rule 56(f) of the Federal Rules of Civil Procedure. In the event that the Court determines that there are material issues of disputed fact that require further proceedings, the procedure proposed by Pension Trust, BCOA, and UMWA would then contemplate discovery on the subjects appropriate under Rule 26 in light of the issues remaining in the case.

**B. Freeman and Monterey** propose that the parties begin discovery on all issues appropriate under Rule 26 immediately, without restrictions on subjects for discovery except as required by Rule 26 and in accordance with the parties' agreement to postpone

any discovery on damages (see paragraph 11 on page 8).  These parties believe that the *Pittston* case does not control the current situation and that the Pension Trust, BCOA, and UMWA are not entitled to a stay of discovery pending the filing of their motions for summary judgment, nor while these motions are being briefed and awaiting decision. *See, e.g., Natural Resources Defense Council v. Curtis*, 189 F.R.D. 4, 7 (D.D.C. 1999) (noting that "federal courts have rarely conditioned discovery upon a showing of legal entitlement to ultimate relief").  The Pension Trust, BCOA, and UMWA have already filed motions to dismiss, which were denied by the Court in the Central District of Illinois.  Thus, there are no dispositive motions currently pending before this Court.

Moreover, **Freeman** opposes staying discovery because even if the Court somehow found *Pittston* controlling and granted the Pension Trust, BCOA, and UMWA summary judgment as to Count I of Freeman's complaint, *Pittston* is not controlling and is in fact irrelevant to Count II of Freeman's complaint.  *See Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3 (D.D.C. 2001) (stating that "a stay of discovery . . . is rarely appropriate when the pending motion will not dispose of the entire case" (internal quotations, citation, and alteration omitted)). The Central District of Illinois has already recognized the intensely fact-specific nature of that claim in denying BCOA's motion to dismiss it.  Because discovery for Counts I and II substantially overlap, and because Count II likely cannot be resolved on a motion for summary judgment, Freeman believes that a stay of discovery is inappropriate.

2.      The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.

At the present time Freeman and Monterey are the only coal companies that are refusing to pay contributions to the 1974 Pension Trust in accordance with the 2007

NBCWA.  Unless other companies stop making the required contributions, the **Pension Trust, BCOA and UMWA** do not anticipate any need to join other parties.

**Freeman and Monterey** do not anticipate any need to join other parties.

Although none of the parties anticipates a need to amend pleadings or add parties, **all parties** wish to reserve the right to do so in the event that discovery makes such amendments or joinder necessary or appropriate, subject to Fed. R. Civ. P. 15.

The parties have discussed the possibility of agreeing upon or narrowing the factual and legal issues presented.  **Pension Trust, BCOA and UMWA** anticipate that their dispositive motions and the parties' respective statements of material undisputed (or disputed) facts will, at a minimum, narrow the issues in dispute.

3.    Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**All parties** agree that this case should not be assigned to a magistrate judge.

4.    Whether there is a realistic possibility of settling the case.

The parties cannot presently assess the likelihood of resolving the case by settlement, but **all parties** remain open to discussing settlement as the case proceeds.

5.    Whether the case could benefit from ADR, what steps should be taken to facilitate ADR, and whether counsel have discussed ADR and their response to this provision with their clients.

The parties do not believe that ADR would be useful at the present time, but **all parties** remain open to engaging in ADR at a later time.

6.    Whether the case can be resolved by summary judgment or motion to dismiss.

**A.  Pension Trust, BCOA and UMWA** anticipate that this case will be resolved on motions for summary judgment, and propose to file their motions on or before August 20, 2007.  Assuming that the Court accepts this proposed filing date, the parties jointly

propose that opposition briefs be filed on or before October 1, 2007, and that reply briefs, if any, be filed on or before October 22, 2007.

**B.  Freeman and Monterey** believe there is a possibility that Count I of Freeman's complaint against the Pension Trust, BCOA, and UMWA, as well as the entirety of the Pension Trust's claim against Freeman and Monterey can be resolved on motion for summary judgment, but not until after both fact and expert discovery is completed.  **Freeman** believes it is less likely that Count II of its complaint against BCOA can be resolved on a motion for summary judgment due the intensely fact-specific nature of the claim.  **Freeman and Monterey** propose that cross-motions for summary judgment be filed May 30, 2008, with oppositions due June 30, 2008, and no replies permitted.

7.      Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), and if not, what if any changes should be made in the scope, form, or timing of those disclosures.

**A.  Pension Trust, BCOA and UMWA** believe that the evidentiary support each party will provide in support of or in opposition to the early summary judgment motions would make the initial disclosures identified in Rule 26(a)(1) superfluous.  The materials that the parties will submit to the Court in support of and in opposition to those motions for summary judgment will effectively provide the information described in Rule 26(a)(1).  Pension Trust, BCOA and UMWA therefore propose that the Court dispense with the initial disclosures described in Rule 26(a)(1).

**B.  Freeman and Monterey** do not believe there is anything about the forthcoming motions or the nature of this case that render the disclosures required by Rule 26 superfluous or unnecessary.  They propose that all parties make the initial disclosures described in Rule 26(a)(1) by August 20, 2007.

8.     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; date for completion of discovery.

**A.  Pension Trust, BCOA and UMWA** propose that discovery initially should

take place only as follows:  if Freeman and/or Monterey respond to one or more of the

motions for summary judgment by filing an affidavit establishing a legitimate need for

discovery pursuant to Fed. R. Civ. P. 56(f), the parties would attempt to agree on the

scope of such discovery and the length of time needed for such discovery and would

propose to the Court either an agreement or their respective positions on the scope and

timing of Rule 56(f) discovery.  Then, in the event that the Court's decision on the

motions for summary judgment identifies any disputed issues of material fact, discovery

would take place for such period of time as the parties may agree is appropriate in light of

the remaining issues or for such period of time that the Court permits after submission of

the parties' proposed discovery schedule(s).  (This period is described as "general

discovery" hereafter.)

A protective order may be needed, depending upon the scope of discovery that is

requested or permitted.

**B.  Freeman and Monterey** do not agree, and propose instead that discovery

begin immediately following the Court's entry of a scheduling order, without any

restrictions except (i) the general rules on scope of discovery in Rule 26 and (ii) in

accordance with the parties' agreement to postpone any discovery on damages (see

paragraph 11 on page ___).  **Freeman and Monterey** believe that 6 months is the

appropriate length for fact discovery (to be followed by discovery of any expert witness

opinions, as described in paragraph 9).  Thus, **Freeman and Monterey** propose that fact

discovery close on January 31, 2008, with expert discovery to take place thereafter as outlined in paragraph 9.

9.      Whether the requirement of exchange of expert witness reports and information should be modified, and whether and when expert depositions should occur.

**All parties** propose that in the event any expert opinions are filed in support of or in opposition to the motions for summary judgment, the party filing such an opinion should provide the expert witness disclosure that is required by Fed. R. Civ. P. Rule 26(a)(2) on the same date that the expert opinion is filed.  If an opposing party requires a deposition of the expert witness in order to respond to the summary judgment motion or reply to the opposition to the summary judgment motion, that deposition should be conducted within 30 days after receipt of the Rule 26(a)(2) disclosure.

With respect to any expert witness opinions that are not filed in connection with the summary judgment motions, **all parties** agree that disclosure should be made as required by Rule 26(a)(2) within 30 days after the close of fact discovery, to be followed by disclosure of any responsive expert opinions 30 days later, and depositions of experts on both sides in the 45-day period following the disclosure of responsive expert opinions. The parties differ only with respect to when this exchange of expert opinions would begin.

**A.  Pension Trust, BCOA and UMWA** propose that this exchange of expert opinions would begin, in the event that the Court's decision on summary judgment does not dispose of the entire case, 30 days after the close of general discovery described in paragraph 8A.

**B.  Freeman and Monterey** propose that this exchange of expert opinions would begin 30 days following the 6-month period of fact discovery described in paragraph 8B.

Thus, the initial reports would be filed on March 3, 2008, following the close of fact

discovery on January 31, 2008. Rebuttal reports would be filed by April 2, 2008. Expert

depositions would be completed by May 12, 2008.

10.     Not applicable. (This case is not a class action.)

11.     Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

**All parties** agree that merits and damages should be bifurcated so that discovery

directed solely to damages would not proceed unless and until there is a judgment that

Freeman and Monterey owe the disputed contributions.

12.     The date for the pretrial conference, understanding that a trial will take place 30 to 60 days thereafter.

**All parties** suggest that the Court schedule a pretrial conference, if one becomes

necessary, within 30 days after the close of the period for expert discovery (as described

in paragraph 9).

13.     Whether the Court should set a firm trial date at the first scheduling conference.

**All parties** respectfully suggest that the Court set a trial date, if one becomes

necessary, at the pretrial conference.

14.     Other matters that the parties believe are appropriate for inclusion in a scheduling order.

**All parties** agree that the limits on discovery specified in the Federal Rules of

Civil Procedure should apply in the aggregate to each side, treating Pension Trust, BCOA

and UMWA as one side and Freeman and Monterey as the other side.

15.     The parties have agreed upon the mutual preservation of electronic evidence (if any) and have begun to discuss the format in which electronic evidence would be produced.

Each side has prepared a proposed scheduling order reflecting its proposal in this

report. Both proposed scheduling orders will be filed today.

Respectfully submitted,


_____/s/_____

JULIA PENNY CLARK
D.C. Bar No. 269609
ANDREW D. ROTH
D.C. Bar No. 414038
CHARLOTTE GARDEN
D.C. Bar No. 489040
Bredhoff & Kaiser P.L.L.C.
805 Fifteenth Street N.W.
Suite 1000
Washington, DC 20005
Telephone:  202-842-2600
DAVID W. ALLEN
General Counsel
D.C. Bar No. 81638
LARRY D. NEWSOME
Associate General Counsel
D.C. Bar No. 254763
CHRISTOPHER F. CLARKE
Senior Assistant General Counsel
D.C. Bar No. 441708

UMWA HEALTH & RETIREMENT
FUNDS
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C.  20037
Telephone:  202-521-2238

*Counsel for Michael H. Holland, Micheal
W. Buckner, B.V. Hyler and Steven F.
Schaab and the United Mine Workers of
America 1974 Pension Trust*

__/s/_____
Grant Crandall
Deborah Stern, DC Bar No.362764
United Mine Workers of America
8315 Lee Highway
Fairfax, VA 22031
(703) 208-7200

9

_____
John R. Mooney, DC Bar No. 375886
Mark J. Murphy, DC Bar No. 453060
Mooney, Green, Baker
  & Saindon, P.C.
1920 L Street, N.W.
Suite 400
Washington, D.C. 20036
(202) 783-0010

*Counsel for Defendant United Mine Workers of America*

_____/s/_____
PETER BUSCEMI
D.C. Bar No. 269092
STANLEY F. LECHNER
D.C Bar No. 370986
CHARLES P. GROPPE
D.C. Bar No. 464035

Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004
Tel:    (202) 739-3000
Fax:    (202) 739-3001
E-mail: pbuscemi@morganlewis.com
        slechner@morganlewis.com
        cgroppe@morganlewis.com

*Counsel for Defendant*
*Bituminous Coal Operators' Association, Inc.*

Paul M. Smith
DC Bar No. 358870
psmith@jenner.com
Jessica Ring Amunson
DC Bar No. 497223
jamunson@jenner.com
JENNER & BLOCK, LLP
601 13th Street, NW, Suite 1200
Washington, DC  20005
Telephone:  (202) 639-6000
Facsimile:  (202) 661-4993

Susan C. Levy (*pro hac vice*)
slevy@jenner.com
JENNER & BLOCK, LLP
330 N. Wabash Avenue
Chicago, IL  60611
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484

Michael W. Robinson
DC Bar No. 437979
mwrobinson@venable.com
Gregory J. Ossi
DC Bar No. 460243
gjossi@venable.com
VENABLE, LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182
Telephone:  (703) 760-1600
Facsimile:  (703) 821-8949

***Counsel for Freeman United Coal Mining
Company***

John R. Woodrum
DC Bar No. 933457
john.woodrum@odnss.com
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, PC
2400 N Street, Fifth Floor
Washington, DC 20037
Telephone:  (202) 887-0855
Facsimile: (202) 887-0866

***Counsel for Monterey Coal Company***

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| Michael H. Holland, Micheal W. Buckner, ) <br> B.V. Hyler and Steven F. Schaab as Trustees ) <br> of the United Mine Workers of America 1974 ) <br> Pension Trust, ) <br> ) <br>       Plaintiffs, ) <br> ) <br>       v. ) <br> ) <br> Freeman United Coal Mining Company, ) <br> et al., ) <br> ) <br>       Defendants. ) | Case No. 07-cv-490 <br> Judge Paul L. Friedman |

---

| | |
|---|---|
| Freeman United Coal Mining ) <br> Company, ) <br> ) <br>       Plaintiff, ) <br> ) <br> v. ) <br> ) <br> United Mine Workers of ) <br> America, et al., ) <br> ) <br>       Defendants. ) | Case No. 07-cv-1050 <br> Judge Paul L. Friedman |

---

## PROPOSED DISCOVERY PLAN OF FREEMAN AND MONTEREY

Now come Freeman United Coal Mining Company and Monterey Coal Company, by and through their respective counsel, and hereby jointly submit to the Court their Proposed Discovery Plan, pursuant to Federal Rule of Civil Procedure 26(f). The parties conducted their discovery conference on July 6, 2007. Michael H. Holland, Micheal W. Buckner, B.V. Hyler and Steven F. Schaab as Trustees of the United Mine Workers of America 1974 Pension Trust ("1974 Pension Trust"), Bituminous Coal Operators' Association ("BCOA"), and United Mine Workers

of America ("UMWA") will jointly submit their proposed Discovery Plan to the Court separately.

1.    **Rule 26(a)(1) Disclosures**

The initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) should take place by August 20, 2007, with no changes in form.

2.    **Discovery Issues and Dates**:

A.    Discovery should begin immediately without restrictions on subjects for discovery except as required by Rule 26. The subjects on which discovery may be needed include, but are not limited to the following: (1) the negotiation of the 2007 National Bituminous Coal Wage Agreement ("NBCWA"); (2) the structure, management, organization, and membership of BCOA; (3) BCOA's relationship with Consolidated Coal Company ("Consol"); (4) BCOA's relationship with Freeman; (5) BCOA's duty to the current and former members on whose behalf it supposedly negotiates; (6) all negotiations, and all communications among or between the 1974 Pension Trust, BCOA, and UMWA, regarding the Evergreen Clause; (7) all negotiations regarding the Guarantee Clause; (8) the negotiations of differential contribution rates in the 2002 NBCWA; (9) the financial status of the 1974 Plan; (10) transfers of assets from the 1974 Plan; (11) different methods of mining among coal company employers and how different contribution rates affect these employers.

B.    The following should be the schedule for both fact and expert discovery, to begin immediately upon entry of the Court's scheduling order and to close on May 12, 2008.

Fact Discovery -- Now through January 31, 2008.

Expert Discovery -- February 1, 2008 through May 12, 2008.

(1) Initial exchange of expert reports due March 3, 2008.

(2) Rebuttal reports due April 2, 2008.

(3) Expert depositions completed by May 12, 2008.

C.     Freeman and Monterey propose that cross-motions for summary judgment be filed by May 30, 2008, with oppositions due June 30, 2008, and no replies permitted.

D.     If the 1974 Pension Trust, BCOA, or UMWA file a motion for summary judgment prior to the expiration of the schedule outlined above and include an expert opinion in support of that motion, the moving party will provide the expert witness disclosure that is required by Fed. R. Civ. P. Rule 26(a)(2) on the same date as it files the expert opinion.  If an opposing party requires a deposition of the expert witness in order to respond to the summary judgment motion, that deposition may be conducted within 30 days after receipt of the Rule 26(a)(2) disclosure.

E.     This proceeding should be bifurcated so that discovery directed solely to damages will proceed only if there is a judgment that Freeman and Monterey must make the disputed contributions.

3.     **Issues Relating to the Disclosure of Electronically Stored Information**

The parties are currently discussing the form in which electronically stored information should be produced.  All parties have been instructed to preserve electronically stored information.

4.     **Changes in the Limitations on Discovery**

There should be no limits on discovery other than those specified in the Federal Rules of Civil Procedure and the Local Rules.  These limits should apply in the aggregate to each side, treating the 1974 Pension Trust, BCOA and UMWA as one side and Freeman and Monterey as the other side.

5.    __Any Other Orders Under Rule 26(c) or Rule 16(b) and (c)__

If a protective order becomes necessary in light of the scope of any party's discovery

requests, the party requiring such an order will be responsible for attempting to reach agreement

among all parties to terms and submitting the proposed order to the Court.

Respectfully submitted,

___/s/_____

Paul M. Smith
DC Bar No. 358870
psmith@jenner.com
Jessica Ring Amunson
DC Bar No. 497223
jamunson@jenner.com
JENNER & BLOCK, LLP
601 13th Street, NW, Suite 1200
Washington, DC  20005
Telephone:  (202) 639-6000
Facsimile:  (202) 661-4993

Susan C. Levy (*pro hac vice*)
slevy@jenner.com
JENNER & BLOCK, LLP
330 N. Wabash Avenue
Chicago, IL  60611
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484

Michael W. Robinson
DC Bar No. 437979
mwrobinson@venable.com
Gregory J. Ossi
DC Bar No. 460243
gjossi@venable.com
VENABLE, LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182
Telephone:  (703) 760-1600
Facsimile:  (703) 821-8949

***Counsel for Freeman United Coal Mining
Company***

4

John R. Woodrum
DC Bar No. 933457
john.woodrum@odnss.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, PC
2400 N Street, Fifth Floor
Washington, DC 20037
Telephone:  (202) 887-0855
Facsimile: (202) 887-0866

***Counsel for Monterey Coal Company***

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————

Michael H. Holland, Micheal W. Buckner,    )
B.V. Hyler and Steven F. Schaab as Trustees  )
of the United Mine Workers of America 1974  )
Pension Trust,                                )
                                        )
            Plaintiffs,                  )
                                    )
          v.                          )
                                    )    Case No. 07-cv-490
Freeman United Coal Mining Company,     )    Judge Paul L. Friedman
et al.,                                )
                                    )
            Defendants.          )
———————————————————)
Freeman United Coal Mining         )
Company,                           )
                                    )
       Plaintiff,                  )    Case No. 07-cv-1050
                                    )    Judge Paul L. Friedman
v.                              )
                                    )
United Mine Workers of            )
America, et al.,                   )
                                    )
            Defendants.          )
———————————————————)

## PROPOSED DISCOVERY PLAN OF 1974 PENSION TRUST, BCOA, AND UMWA

Now come the 1974 Pension Trust and its Trustees, BCOA and UMWA, by and through their respective counsel, and hereby jointly submit to the Court their Proposed Discovery Plan, pursuant to Federal Rule of Civil Procedure 26(f). The parties conducted their discovery conference on July 6, 2007. Freeman and Monterey will separately submit their proposed Discovery Plan to the Court.

1.      **<u>Rule 26(A) Disclosures</u>**

The initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) are unnecessary, in light of the early summary judgment motions.

2.      **<u>Discovery Issues and Dates</u>**:

A.      Discovery initially will occur only as appropriate and permitted pursuant to Federal Rule of Civil Procedure 56(f).  The schedule for that discovery will depend upon the scope of what the parties agree, or the Court finds, to be appropriate under Rule 56(f).

B.      Except as permitted by Fed. R. Civ. P. 56(f), no discovery will begin until and unless the Court rules that there are genuine disputes of material fact that preclude summary judgment on one or more claims. In that event, the parties will confer to attempt agreement on the appropriate length of the discovery period in light of the scope of the remaining issues.  They will either submit a joint proposal to the Court at that time or will submit separate statements of the period they believe appropriate, with explanations. This period of discovery is referred to below as "general discovery."

B.      This proceeding should be bifurcated so that no discovery or trial will proceed on any issue of damages unless and until there is a judgment on the merits in favor of a plaintiff.

C.      If any party files an expert opinion in support of a motion for summary judgment or an opposition to a motion for summary judgment, that party will provide the expert witness disclosure that is required by Fed. R. Civ. P. Rule 26(a)(2) on the same date as it files the expert opinion.  If an opposing party requires a deposition of the expert witness in order to respond to the summary judgment motion or the opposition to the

summary judgment motion, that deposition may be conducted within 30 days after receipt

of the Rule 26(a)(2) disclosure.

        D.      Disclosure and report of other expert opinions, if any, will be made by all

parties 30 days after the close of general discovery, in accordance with Rule 26(a)(2).

        E.      Disclosure and report of responsive expert(s), if any, will be made by all

parties within 45 days after receiving the disclosure described in paragraph D, in

accordance with Rule 26(a)(2).

        F.      Depositions of experts identified as described in paragraphs D and E will

take place within 45 days after the disclosure described in paragraph E.

3.      **Changes To The Limitations on Discovery Imposed By the Federal Rules of Civil Procedure and Additional Limitations on Discovery**

        The limits on discovery specified in the Federal Rules of Civil Procedure should

apply in the aggregate to each side, treating Pension Trust, BCOA and UMWA as one

side and Freeman and Monterey as the other side.

4.      **Other Court Orders Under Rule 26(c) or Rule 16(b) and (c)**

        If a protective order becomes necessary in light of the scope of any party's

discovery requests, the party requiring such an order will be responsible for attempting to

reach agreement among all parties to terms and submitting the proposed order to the

Court.

                Respectfully submitted,

                _____/s/_____

                JULIA PENNY CLARK
                D.C. Bar No. 269609
                ANDREW D. ROTH
                D.C. Bar No. 414038
                CHARLOTTE GARDEN
                D.C. Bar No. 489040

Bredhoff & Kaiser P.L.L.C.
805 Fifteenth Street N.W.
Suite 1000
Washington, DC 20005
Telephone: 202-842-2600
DAVID W. ALLEN
General Counsel
D.C. Bar No. 81638
LARRY D. NEWSOME
Associate General Counsel
D.C. Bar No. 254763
CHRISTOPHER F. CLARKE
Senior Assistant General Counsel
D.C. Bar No. 441708

UMWA HEALTH & RETIREMENT
FUNDS
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C. 20037
Telephone: 202-521-2238

*Counsel for Michael H. Holland, Micheal
W. Buckner, B.V. Hyler and Steven F.
Schaab and the United Mine Workers of
America 1974 Pension Trust*


  /s/
Grant Crandall
Deborah Stern, DC Bar No.362764
United Mine Workers of America
8315 Lee Highway
Fairfax, VA 22031
(703) 208-7200


John R. Mooney, DC Bar No. 375886
Mark J. Murphy, DC Bar No. 453060
Mooney, Green, Baker
  & Saindon, P.C.
1920 L Street, N.W.
Suite 400
Washington, D.C. 20036
(202) 783-0010

*Counsel for Defendant United Mine*
*Workers of America*

_____/s/_____
PETER BUSCEMI
D.C. Bar No. 269092
STANLEY F. LECHNER
D.C Bar No. 370986
CHARLES P. GROPPE
D.C. Bar No. 464035

Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004
Tel:     (202) 739-3000
Fax:     (202) 739-3001
E-mail: pbuscemi@morganlewis.com
            slechner@morganlewis.com
            cgroppe@morganlewis.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

Michael H. Holland, Micheal W. Buckner,    )
B.V. Hyler and Steven F. Schaab as Trustees  )
of the United Mine Workers of America 1974  )
Pension Trust,                                    )
                                                )
               Plaintiffs,                )
                                                  )
              v.                     )
                                                  )    Case No. 07-cv-490
Freeman United Coal Mining Company,     )    Judge Paul L. Friedman
et al.,                                       )
                                                )
               Defendants.            )

---

Freeman United Coal Mining             )
Company,                                      )
                                                )
               Plaintiff,               )    Case No. 07-cv-1050
                                                )    Judge Paul L. Friedman
v.                                         )
                                                )
United Mine Workers of              )
America, et al.,                     )
                                                )
               Defendants.            )

---

## [PROPOSED] SCHEDULING ORDER

       The parties appeared before the Court on July 19, 2007, for a meet and confer status

conference.  Based on the Joint Rule 16.3 Report to the Court and the representations of counsel,

it is hereby ORDERED that

       1.      The initial disclosures required by Federal Rule of Civil Procedure 26(a)(1)

should take place by August 20, 2007, with no changes in form.

       2.      Discovery may begin immediately without restrictions on subjects for discovery

except as required by Rule 26.

3.      The limitations on discovery outlined in the Federal Rules of Civil Procedure and the Local Rules shall apply in the aggregate to each side, with the 1974 Pension Trust, BCOA, and UMWA on one side, and Freeman and Monterey on the other side.

4.      Fact discovery shall be completed by January 31, 2008.  Counsel must resolve all discovery disputes or bring them to the Court's attention in a timely manner so as to allow sufficient time for the completion of discovery by this date.

5.      Expert discovery shall be completed by May 12, 2008.  The initial exchange of expert reports is due March 3, 2008.  Responsive reports, if any, shall be due April 2, 2008. Expert depositions shall be completed by May 12, 2008.

6.      Cross-motions for summary judgment shall be due May 30, 2008.  Oppositions must be filed by June 30, 2008.  No replies shall be permitted.

7.      This proceeding should be bifurcated so that discovery directed solely to damages will not take place unless and until there is a judgment that Freeman and Monterey must make the disputed contributions to the 1974 Plan.

8.       If a protective order becomes necessary in light of the scope of any party's discovery requests, the party requiring such an order will be responsible for attempting to reach agreement among all parties to terms and submitting the proposed order to the Court.

ENTERED this ____ day of _____, 2007.


_____
The Honorable Paul L. Friedman

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Michael H. Holland, Micheal W. Buckner, B.V. Hyler and Steven F. Schaab as Trustees of the United Mine Workers of America 1974 Pension Trust, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| | ) | Case No. 07-cv-490 |
| Freeman United Coal Mining Company, et al., | ) ) | Judge Paul L. Friedman |
| | ) | |
| Defendants. | ) ) | |
| Freeman United Coal Mining Company, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | Case No. 07-cv-1050 |
| | ) | Judge Paul L. Friedman |
| v. | ) ) | |
| United Mine Workers of America, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## SCHEDULING ORDER

It is hereby ORDERED and DECREED on this _____ day of _____,

2007 that the schedule in this matter shall be as follows:

(1) The United Mine Workers of America 1974 Pension Trust and its Trustees

(the "Pension Trust"), the Bituminous Coal Operators' Association, Inc.

("BCOA'), and the United Mine Workers of America ("UMWA") shall file

motions for summary judgment, with supporting affidavits, on or before August 20, 2007.

(2) Freeman United Coal Mining Company ("Freeman") and Monterey Coal Company ("Monterey") shall file their oppositions to the motions for summary judgment, and any affidavits under Fed. R. Civ. P. 56(f), on or before October 1, 2007.

(3) The Pension Trust, BCOA, and the UMWA shall file any reply briefs in support of their motions for summary judgment on or before October 22, 2007.

(4) After the Court reviews the motions for summary judgment, any responses thereto, any affidavits filed under Fed. R. Civ. P. 56(f), and any reply briefs in support of the motions for summary judgment, the Court will enter a further Order on the scope and timing of any discovery that is appropriate at that juncture.

_____

Paul L. Friedman
U.S. District Court Judge