**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
Michael H. Holland, Micheal W. Buckner,        )
B.V. Hyler and Steven F. Schaab as Trustees    )
of the United Mine Workers of America 1974     )
Pension Trust,                                 )
                                               )
        Plaintiffs,                        )
                                               )
v.                                             )
                                               )   Case No. 07-cv-490
Freeman United Coal Mining Company,            )   Judge Paul L. Friedman
et al.,                                        )
                                               )
        Defendants.                        )
_____)
Freeman United Coal Mining                     )
Company,                                       )
                                               )
        Plaintiff,                         )   Case No. 07-cv-1050
                                               )   Judge Paul L. Friedman
v.                                             )
                                               )
United Mine Workers of                         )
America, et al.,                               )
                                               )
        Defendants.                        )
_____)

**MEMORANDUM OF PENSION TRUST, BCOA, AND UMWA
IN SUPPORT OF THEIR PROPOSED SCHEDULING ORDER**

      The United Mine Workers of America 1974 Pension Trust and its Trustees (the "Pension Trust"), the Bituminous Coal Operators' Association, Inc. ("BCOA"), and the United Mine Workers of America ("UMWA") (collectively, the "Pension Trust Parties") submit this memorandum in support of the summary judgment scheduling proposal that they have set forth in the parties' Local Rule 16.3 Report, dated July 12, 2007. For the reasons that follow, it would be far more efficient and appropriate, in the circumstances of this case, to proceed by motion for

summary judgment, followed by whatever responses defendants Freeman United Coal Mining Company ("Freeman") and Monterey Coal Company ("Monterey") (collectively, the "Coal Company Parties") may choose to make under Fed. R. Civ. P. 56(f), rather than in the manner urged by Freeman and Monterey in their proposed discovery plan.

I.  **The "Evergreen Clause" Was Litigated In This Court And Other Courts For More Than Ten Years, And There Is Binding Authority In This Jurisdiction Concerning Its Meaning and Application.**

The two consolidated cases before the Court concern whether two coal companies, Freeman and Monterey, are obligated to contribute to the Pension Trust under a contractual provision known as the "evergreen" or "continuing contributions" clause. Freeman and Monterey do not and cannot deny that they are signatory to numerous collective bargaining agreements that incorporate the evergreen clause, including National Bituminous Coal Wage Agreements.

The meaning and application of the evergreen clause was vigorously contested by numerous coal companies in various federal courts beginning in 1988. In 1991, after a ruling by the Judicial Panel on Multidistrict Litigation, all of the evergreen cases were consolidated in this Court before Judge Thomas F. Hogan. In a thorough opinion by Judge Hogan dated February 3, 1992, this Court granted summary judgment to the Pension Trust and against the coal companies, ruling that the evergreen clause "was an important provision negotiated to make sure that any coal operator that voluntarily agreed to participate in the [UMWA] Funds in 1978 could not simply walk away from the Funds and leave its retirees behind, or negotiate cut-rate contributions with the UMWA, at the expense of the remaining employers." *In re United Mine Workers of America Employee Benefit Plans Litigation*, 782 F. Supp. 658, 665 (D.D.C. 1992).

The D.C. Circuit affirmed in February 1993, holding that the coal companies "agreed to be bound by the evergreen clause to make continuing contributions to the trusts; and the

2

obligation included an agreement to make contributions at the rates specified in subsequent NBCWAs, without regard to whether the employer was still a party to the subsequent agreements." *United Mine Workers of America 1974 Pension Trust v. Pittston Company*, 984 F.2d 469, 474 (D.C. Cir. 1993). The coal companies sought review in the Supreme Court, but their petitions were denied. *See Rawl Sales and Processing Co. v. UMWA 1974 Pension Trust*, 509 U.S. 924 (1993), and *Pittston Company v. UMWA 1974 Pension Trust*, 509 U.S. 924 (1993).

Despite this binding authority, Freeman and Monterey, in their proposed discovery plan, are seeking, among other things, "all negotiations" and "all communications" regarding the evergreen clause and other provisions (*e.g.*, the "guarantee clause") over the past 30 years, from when those provisions were first negotiated to the present time. This attempt to "do over" the evergreen litigation is highly improper and would subject the Pension Trust Parties to undue burden and substantial expense. Even if Freeman (a wholly-owned subsidiary of General Dynamics) and Monterey (a Division of ExxonMobil) have the financial resources to pursue the hundreds of thousands of documents that arguably were relevant in the evergreen litigation, their attempt to re-do that discovery under the guise of a new case is unwarranted and should not be permitted.

**II.   The Litigation Before This Court Concerns The Enforcement Of A Single Provision In The National Bituminous Coal Wage Agreement of 2007, Requiring Contributions of $2.00 Per Hour To The Pension Trust.**

For more than 50 years, BCOA and the UMWA jointly have negotiated every National Bituminous Coal Wage Agreement ("NBCWA"). The NBCWA is the principal collective bargaining agreement in the organized sector of the bituminous coal mining industry. The NBCWA applies to coal companies that either are members of BCOA or are signatory to "me too" agreements with the UMWA, whereby the companies agree to be bound by the NBCWA.

Despite the Coal Company Parties' attempt to make this case appear to be extremely complex and in need of extensive discovery, the salient fact is that this litigation concerns the Pension Trust's attempt to enforce a single provision in the NBCWA of 2007. In the 2007 NBCWA, BCOA and the UMWA negotiated a provision requiring employer contributions to the Pension Trust. The provision states in relevant part that for the initial period beginning on January 1, 2007 and ending December 31, 2007, the employer contribution rate to the Pension Trust is $2.00 per hour for each hour of classified work performed by the employer's employees. Freeman and Monterey have refused to make this $2.00 per hour contribution to the Pension Trust, despite the fact that they have thousands of retirees currently receiving pensions from the Pension Trust, and they have hundreds of active employees currently receiving pension credit applicable toward future pensions from the Pension Trust.

### III. The Overwhelming Majority Of Coal Companies Signatory To The Evergreen Clause Are Making The $2.00 Per Hour Contribution To The Pension Trust As Set Forth In The 2007 NBCWA.

The Court should be aware that virtually every operating coal company in the United States that is or was signatory to the evergreen clause, except Freeman and Monterey, is making the $2.00 per hour contribution to the Pension Trust as set forth in the 2007 NBCWA. Companies making the contributions to the Pension Trust include not only companies that are signatory to the 2007 NBCWA (through BCOA or "me too" agreements), but also companies that previously signed the evergreen clause, even though they have not agreed to be bound by the 2007 NBCWA. As the Court of Appeals stated in its decision, however, the evergreen clause requires evergreen signatories "to make contributions at rates specified in subsequent NBCWAs, without regard to whether the employer was still a party to the subsequent agreements." 984 F.2d at 474. (Indeed, seven of the nine evergreen defendants originally named in Case No. 07-

CV-490 have agreed to pay the $2.00 per hour contributions to the Pension Trust, and they have been dismissed from the case.).

**IV.     The Meaning Of The Evergreen Clause Term "Successor Agreements [to the 1978 NBCWA]" Was Extensively Litigated In The Evergreen Litigation.**

It is undisputed that the evergreen clause states, in relevant part, that employers are required to contribute to the Pension Trust by "making the contributions required under the National Bituminous Coal Wage Agreement of 1978, as amended from time to time, *and any successor agreements thereto,* including, not limited to, the [most recent] National Bituminous Coal Wage Agreement . . . ." *See* 782 F. Supp. at 661; 984 F.2d at 472 (emphasis added).

In the evergreen litigation, the coal company defendants contested the meaning of the evergreen clause term "any successor agreements [to the 1978 NBCWA]"—arguing, as Freeman and Monterey may be arguing here, that that term was not limited to subsequent NBCWAs between the BCOA and the UMWA, but also encompassed so-called "nonconforming agreements" between the UMWA and the individual coal company defendants. Both the district court and the court of appeals flatly rejected this argument. In so doing, Judge Hogan found "no ambiguity in the meaning of 'successor agreements [to the 1978 NBCWA]'"—that term "clear[ly]" is a reference to "the National Bituminous Coal Wage Agreements of 1984, 1988, and subsequent years," and "only" to such NBCWAs. 782 F. Supp. at 664. The Court of Appeals agreed, stating that the evergreen clause *"unambiguously* obligates signatory employers to contribute to the trusts *at the rates specified in the current NBCWA*, irrespective of the employer's failure [to] sign that NBCWA," and that "*only a subsequent NBCWA can qualify as such a successor agreement*." 984 F.2d at 473-74 (emphasis added).

In short, the very provisions that Freeman and Monterey are disputing in this litigation already have been litigated extensively and interpreted by binding authority in this jurisdiction. A discovery fishing expedition is not warranted.

V.      **The Procedures Of Fed R. Civ. P. 56(f) Are Ideally Suited For This Case.**

In light of the substantial prior litigation over the evergreen clause and the binding decision by the Court of Appeals, it will be much more efficient to follow the procedures of Rule 56(f) than to permit the Coal Company Parties to engage in far-reaching discovery as if the evergreen litigation did not exist.

The Pension Trust Parties believe that, once they file their motions for summary judgment, with supporting affidavits, there will be few, if any, genuine issues of material fact remaining in this case. If the Coal Company Parties believe that they need certain discovery to oppose the motions for summary judgment, they will have an opportunity to present an affidavit stating with specificity what discovery they believe is needed, how it might show a possible genuine issue of material fact, and why they cannot, absent discovery, present facts essential to justify their opposition to the summary judgment motions.

For example, Freeman and Monterey contend that the NBCWA of 2007 is not a "successor agreement" to prior NBCWAs because the number of members of BCOA has declined over the years, and the current membership includes only Consolidation Coal Company and various affiliated companies (collectively, "Consol"). This provides no legal basis for concluding that the most recent collective bargaining agreement negotiated by BCOA and the UMWA – the 2007 NBCWA – is not an NBCWA or is not a "successor agreement" to earlier NBCWAs. No statute or rule of law requires that BCOA have a certain minimum number of members as a precondition for negotiating an NBCWA. To the contrary, the Pension Trust Parties respectfully submit that they will present incontrovertible affidavits establishing that the

NBCWA of 2007 was negotiated between BCOA and the UMWA as a successor to prior NBCWAs; that it was ratified by the UMWA membership nationwide, and not limited to Consol; and that it has been recognized as a successor NBCWA by virtually all of the major unionized coal companies in the United States, which have signed "me too" agreements binding themselves to the 2007 NBCWA as negotiated by BCOA and the UMWA.  The 2007 NBCWA, just as prior NBCWAs, was negotiated by BCOA and the UMWA and set the pattern for the organized sector of the coal industry.  Contrary to the unsupported legal contention of Freeman and Monterey, there is no authority suggesting that BCOA, however constituted, cannot negotiate with the UMWA an NBCWA that sets the pattern for the industry.

      The procedures described in Rule 56(f) will enable the parties and the Court not only to avoid relitigating issues that have been decided in the evergreen litigation, but also to focus this case (and any necessary discovery) on potential genuine issues of material fact, if any, that cannot be presented to the Court absent discovery.  Rule 56(f) was designed to accomplish just such a result.  As a leading commentator has explained, a federal district court may "fix the date for filing a relatively early motion for summary judgment and help the parties limit their discovery to the evidence that is relevant to the issues raised by that motion."  3D James Wm. Moore et al., Moore's Federal Practice ¶ 16.36[3][g] at 16-101 (3d ed. 2006).  Further, "the judge may set an early date for the motion to be filed, then schedule a separate, follow-up conference to discuss the discovery needs that the motion has exposed.  With the motion on file, counsel for the opposing party can identify with particularity the discovery that counsel must complete to fairly defend his or her client's position." *Id*.  This approach has been followed by other courts and makes perfect sense here.  *See, e.g., Lemon v. BWX Technologies, Inc.,* 442 F. Supp. 2d 460, 467 (N.D. Ohio 2006) (after denial of motion to dismiss and before discovery,

district court issued scheduling order whereby defendants were permitted to file their motions for summary judgment and plaintiffs were permitted to file a Rule 56(f) motion outlining the discovery they needed to oppose the motion).  *Cf.  Burlington Northern Santa Fe Railroad Co. v. The Assiniboine and Sioux Tribes of the Fort Peck Reservation*, 323 F. 3d 767, 775 (9th Cir. 2003) (affirming in part grant of summary judgment before any discovery taken, and vacating remaining part and remanding to district court with instruction that it "may tailor limited discovery [under Rule 56(f)] before again entertaining a motion for summary judgment.").

## CONCLUSION

The Pension Trust Parties respectfully submit that the Court should adopt the summary judgment scheduling proposal that they previously submitted as part of the Local Rule 16.3 Report.

Respectfully submitted,

_____/s/_____
PETER BUSCEMI
D.C. Bar No. 269092
STANLEY F. LECHNER
D.C Bar No. 370986
CHARLES P. GROPPE
D.C. Bar No. 464035

Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004
Tel:    (202) 739-3000
Fax:    (202) 739-3001
E-mail: pbuscemi@morganlewis.com
            slechner@morganlewis.com
            cgroppe@morganlewis.com

*Counsel for Defendant*
*Bituminous Coal Operators' Association, Inc.*

       /s/
JULIA PENNY CLARK
D.C. Bar No. 269609
ANDREW D. ROTH
D.C. Bar No. 414038
CHARLOTTE GARDEN
D.C. Bar No. 489040
Bredhoff & Kaiser P.L.L.C.
805 Fifteenth Street N.W.
Suite 1000
Washington, DC 20005
Telephone:  202-842-2600

DAVID W. ALLEN
General Counsel
D.C. Bar No. 81638
LARRY D. NEWSOME
Associate General Counsel
D.C. Bar No. 254763
CHRISTOPHER F. CLARKE
Senior Assistant General Counsel
D.C. Bar No. 441708
UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C.  20037
Telephone:  202-521-2238

*Counsel for Michael H. Holland, Micheal W. Buckner, B.V. Hyler and Steven F. Schaab and the United Mine Workers of America 1974 Pension Trust*

  /s/
Grant Crandall
Deborah Stern, DC Bar No.362764
United Mine Workers of America
8315 Lee Highway
Fairfax, VA 22031
(703) 208-7200

      /s/
John R. Mooney, DC Bar No. 375886
Mark J. Murphy, DC Bar No. 453060
Mooney, Green, Baker
 & Saindon, P.C.

9

1920 L Street, N.W.
Suite 400
Washington, D.C. 20036
(202) 783-0010

*Counsel for Defendant United Mine Workers of America*