**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Michael H. Holland, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 07-cv-490 (PLF) |
| Freeman United Coal Mining Company, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| Freeman United Coal Mining ) | |
| Company, ) | |
| ) | |
| Plaintiff, ) | Case No. 07-cv-1050 (PLF) |
| ) | |
| v. ) | |
| ) | |
| United Mine Workers of ) | |
| America, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**FILED**

OCT 0 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Confidentiality Order**

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and insure that protection is afforded only to material so entitled, it is, pursuant to the court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties, ORDERED:

1.  **Non-Disclosure of Stamped Confidential Documents**. Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential

1

document, or as hereinafter provided under this order, no stamped confidential document may be disclosed to any person.

A "stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL –SUBJECT TO PROTECTIVE ORDER IN CASES 07-CV-490 and 07-CV-1050, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA" to signify that it contains information believed to be subject to protection under Fed. R. Civ. P. 26(c)(7) or 26(c)(1)(g). For purposes of this order, the term "document" means all written, electronic, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

2. **Permissible Disclosures.** Notwithstanding paragraph 1, stamped confidential documents may be disclosed to counsel for the parties in either of these consolidated cases who are actively engaged in the conduct of this litigation; to the parties, associates, secretaries,

paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court). Such documents may also be disclosed –

(a) to any person designated by the court in the interest of justice, upon such terms as the court may deem proper; and

(b) to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, copying, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed a form containing –

(1) a recital that the signatory has read and understands this order:

    (2) a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of court; and

    (3) a statement that the signatory consents to the exercise of personal jurisdiction by this court.

  3. **Declassification**.  A party (or aggrieved entity permitted by the court to intervene for such purpose) may apply to the court for a ruling that a document (or category of documents) stamped as confidential is not entitled to such status and protection.  The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond.  To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

  4. **Confidential Information in Dispute.**

 (a) A deponent may during the deposition be shown, and examined about, stamped confidential documents if the deponent already knows the confidential information contained therein or if the deponent signs the form prescribed in paragraph 2(b).  Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 2(b).  A deponent who is not a party or a representative of a party shall be

furnished a copy of this order before being examined about, or asked to produce, potentially confidential documents.

(b) Parties (and deponents) may, within 15 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential – Subject to protection pursuant to Court Order." Until expiration of the 15 day period, the entire deposition will be treated as subject to protection against disclosure under this order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

5. **Confidential Information at Trial**. Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for the party or other person that designated the information as confidential. Any party may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The court will then determine

whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any may be afforded to such information at the trial.

6. **Subpoena by Other Courts or Agencies**. If another court or an administrative agency subpoenas or orders production of stamped confidential documents which a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena.

7. **Filing**. Stamped confidential documents need not be filed with the Clerk except when required in connection with motions under Fed. R. Civ. P. 12 or 56 or other matters pending before the court. If filed, they shall be filed under seal in accordance with Local Rule of Civil Procedure 5.1(j), with the envelope bearing the legend set forth in paragraph 1 above, as well as the name of the Court, the case caption, a descriptive title of the documents, and the date of this Order. Such material shall remain sealed while in the office of the Clerk so long as they retain their status as stamped confidential documents.

8. **Client Consultation**. Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make

6

specific disclosure of any item so designated except pursuant to the procedures of paragraph 2(a) and (b).

9. **Prohibited Copying**. If a document contains information so sensitive that it should not be copied by anyone, it shall bear the additional legend "Copying Prohibited." Application for relief from this restriction against copying may be made to the court, with notice to counsel so designating the document.

10. **Use**. Persons obtaining access to stamped confidential documents under this order shall use the information only for preparation and trial of either of these consolidated cases (including appeals and retrials), and shall not use such information for any other purpose including business, governmental, commercial, or administrative or judicial proceedings.

11. **Non-Termination**. The provisions of this order shall not terminate at the conclusion of these actions. Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person which produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after the final termination of this litigation.

7

12. **Modification Permitted**. Nothing in this order shall prevent any person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper. Nothing in this order affects any person's right to withhold a document or other information that is privileged from discovery, following the procedure prescribed in Fed. R. Civ. P. 26(b)(5).

13. **Responsibility of Attorneys**. The attorneys of record are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing in court under seal.

14. **Third-Party Discovery Materials**. If in the course of this litigation discovery is sought from non-parties that would require such non-parties to produce or disclose confidential information, such non-parties may gain protection of this Order by agreeing in writing to produce documents pursuant to this Order and to be bound by it.

Dated: _October 2nd_ 2007.

_____
United States ~~District~~ Judge
MAGISTRATE

8