**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                              )
Michael H. Holland, Micheal W. Buckner,          )
B.V. Hyler and Steven F. Schaab as Trustees      )
of the United Mine Workers of America 1974       )
Pension Trust,                                               )
                                                              )
            Plaintiffs,                                )
                                                              )
            v.                                              )
                                                              )   Case No. 07-cv-00490 (PLF/AK)
Freeman United Coal Mining Company, et al.,      )
                                                              )
            Defendants.                             )
_____)
                                                              )
Freeman United Coal Mining Company,               )
                                                              )
           Plaintiff,                                   )   Case No. 07-cv-01050 (PLF/AK)
                                                              )
            v.                                              )
                                                              )
United Mine Workers of America, et al.,          )
                                                              )
            Defendants.                             )
_____)

**FREEMAN UNITED COAL MINING COMPANY'S REPLY BRIEF REGARDING ITS MOTION TO COMPEL DISCOVERY FROM BITUMINOUS COAL OPERATORS' ASSOCIATION AND UNITED MINE WORKERS OF AMERICA**

      Having failed twice already to convince Judge Friedman to stay or limit the discovery rights of Freeman United Coal Mining Company ("Freeman") in these consolidated cases, the United Mine Workers of America ("UMWA") and Bituminous Coal Operators' Association ("BCOA") now attempt to convince this Court that it should grant them the relief that Judge Friedman has refused. UMWA and BCOA press yet again their argument that the discovery Freeman seeks is unnecessary because this case can be resolved as a matter of law – a position that Judge Friedman squarely rejected both in his initial Scheduling Order and again when he

granted Freeman's Rule 56(f) motion to deny or stay ruling on the opposing parties' motions for summary judgment until discovery could be completed. *See* Docket 63[1] (holding that "there will be **_no limits_** on ongoing fact discovery other than those specified in the Court's scheduling order, the Federal Rules of Civil Procedure and the Local Civil Rules")(emphasis supplied); *see also* Docket 42.

UMWA and BCOA conveniently ignore these rulings, as well as the plain language of Rule 26 of the Federal Rules of Civil Procedure, which states that "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). Instead, they present yet again their tired argument that Freeman is not entitled to the same rights as other litigants under Rule 26 and instead should be restricted to only very narrow, circumscribed discovery. This Court has repeatedly rejected that argument. As Freeman has already shown in its response to the opposing parties' motions for summary judgment (Docket 57) and in its related Rule 56(f) motion (Docket 58), which was granted by this Court, the discovery Freeman seeks is indisputably relevant to the claims and defenses in these consolidated cases. Thus, the Court should order BCOA and UMWA to end their unilateral limits to discovery and order that they fully produce all documents that are responsive to Freeman's discovery requests.

---

[1] Unless otherwise indicated, all docket references are to filings in Case No. 1:07cv00490.

**ARGUMENT**

**I. The Court Should Grant Freeman's Motion to Compel Against UMWA.**

The UMWA is the most direct regarding its failure to produce documents. As set forth in its response, UMWA argues that this action is governed by *In re United Mine Workers of America Employee Benefit Plans Litigation*, 782 F. Supp. 658, 665 (D.D.C. 1992), *aff'd United Mine Workers of America 1974 Pension Trust v. Pittston Co.*, 984 F.2d 469 (D.C. Cir. 1993) ("*Pittston*") and therefore the only factual issue here is, in its view, how the contribution rate was set by the parties to the 2007 NBCWA. UMWA Opp. at 4-7. However, the Court has already rejected UMWA's position – and should reject it once again – for the following reasons. **First**, in *Pittston*, the court allowed the parties two years of discovery because, among other reasons, the court held that, in order to properly interpret the evergreen clause, it was essential to consider extrinsic evidence. **Second**, *Pittston* never addressed the specific issues in this case, including (i) whether an agreement between the UMWA and the BCOA can still be a "successor" agreement under the terms of the evergreen clause when a single employer – Consolidation Coal Company and its affiliates ("Consol") – comprises the BCOA and BCOA is no longer a multi-employer bargaining unit; and (ii) whether a single-employer agreement like the 2007 Agreement can somehow be transformed after the fact into a "successor" national agreement, when other unwilling coal companies are coerced, frequently through strikes or threats of strikes to sign "me too" agreements.[2] **Third**, in this case, UMWA's President, Cecil Roberts, submitted a 30-paragraph declaration, and BCOA's Charles Perkins submitted a 42 paragraph declaration, on a host of issues besides the increased contribution rate, including the identity of the party with

---

[2] *See* Docket 58, Exhibit 1 at ¶ 8.

whom the UMWA intended to negotiate the 2007 Agreement and UMWA's efforts to get other coal companies to sign "me too" agreements.  **Fourth**, at the initial status conference all the opposing parties argued that *Pittston* was dispositive and that discovery should be stayed or limited pending summary judgment, but Judge Friedman rejected that argument and allowed full discovery within the scope of Rule 26(c).  **Finally**, on November 19, Judge Friedman *granted* Freeman's Rule 56(f) motion to deny or stay ruling on the motions for summary judgment until discovery could be completed, thereby *rejecting* the opposing parties' proposed order that "during the briefing of the motions for summary judgment, discovery in these consolidated cases shall be limited to information related to the negotiation of the current contribution rate contained in the [2007 Agreement]; information related to pension benefit changes contained in the 2007 NBCWA; and information concerning the meaning of the term 'successor' in the evergreen clause."[3]  Judge Friedman held instead that "there will be no limits on ongoing fact discovery other than those specified in the Courts scheduling order, the Federal Rules of Civil Procedure and the Local Civil Rules."  Docket 63.  Based on the foregoing, there should be no doubt that the Court has already ruled that Freeman, like any other party, is entitled to the full scope of Rule 26 discovery.  UMWA's (and BCOA's) contentions to the contrary are without merit.

And this is not the case where Freeman's requested discovery is burdensome, difficult or expensive to produce.  Indeed, as was shown in Freeman's opposition to the opposing parties' motions for summary judgment (Docket 57), the motions for summary judgment and supporting declarations filed by BCOA and UMWA raise discrete issues as to which the following discovery is relevant.

---

[3] Opposing parties' proposed order of Sept. 18, 2007 (Docket 50).

1.      <u>All Documents Surrounding the 2007 Agreement Negotiations</u> – Freeman contends that the 2007 Agreement was negotiated differently from all other NBCWAs and is therefore not a successor agreement within the meaning of the evergreen clause. Unlike all other NBCWAs, at the time of the 2007 Agreement's negotiations, only one employer comprised BCOA, and BCOA was no longer a functioning multi-employer organization. Moreover, in negotiating the 2007 Agreement, both parties understood that the Agreement was being negotiated only on behalf of Consol, which is further evidence that it was not a successor agreement. Freeman already has documents and other evidence to support its claims on this issue. (*See* Docket 57 at 13-14, identifying such evidence.) However, Freeman is entitled to all discovery from the opposing parties on this issue, including all documents relating to negotiations for the 2007 Agreement. These documents should show, among other things, the manner in which these negotiations may have differed from those for prior NBCWAs, the extent to which Consol controlled the negotiations, the understandings of the parties as to who was being represented during and bound by the negotiations, and any trade-offs involved in reaching agreement on specific provisions that may have benefited Consol, but not other coal companies.[4]

2.      <u>Documents Regarding Transfers from the Trust</u>: Freeman has contended that any alleged need for increased contribution rates to the 1974 Pension Trust is due at least in part to the improper transfer of funds from the 1974 Pension Trust to the 1993 Benefit Trust and has therefore sought documents from BCOA and UMWA, who are settlors of the Trust, regarding this transfer. *See* Exhibit A to Freeman Motion to Compel at ¶¶ 38, 39; Exhibit B to Freeman

---

[4] Documents regarding the negotiation of all of the terms of the 2007 Agreement, in addition to being relevant to Count I of Freeman's complaint are also essential to Count II of Freeman's complaint, in which Freeman argues that, if Freeman is found to be bound by the contribution rates set forth in the 2007 Agreement, then BCOA owes Freeman damages for a breach of duties owed to Freeman.

Motion to Compel at ¶¶ 21, 22; *see also* Exhibits E and F to Freeman Motion to Compel.  These documents are relevant because the improper or unlawful siphoning of funds from the 1974 Pension Trust would seriously undermine the opposing parties' argument that the increase in contribution rates contained in the 2007 Agreement was proper and necessary.

   3.  <u>Documents Regarding The Financial Condition of the Trust</u>:  As set forth in Freeman's motion to compel, the 2002 NBCWA contained very similar benefit increases to the 1974 Pension Plan, and yet the parties to the 2002 NBCWA agreed that no contributions to the 1974 Plan would be required of any existing UMWA employer.  Documents that BCOA and UMWA relied upon regarding the financial condition of the Trust in 2002 are therefore indisputably relevant to refute the opposing parties' contention that the 2007 increase in rates was necessary.  Freeman need not take UMWA and BCOA at their word and is entitled to full discovery for the reasons for the increase in rates in 2007.

  Rule 26 allows discovery of "*any* nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1) (emphasis added).  In this Court, "[t]he term relevance at the discovery stage is a broadly construed term and is given very liberal treatment." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd.*, 242 F.R.D. 1, 6 (D.D.C. 2007).  "The treatment of the term is so liberal that relevant information sought need not even be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id*. (citing Fed. R. Civ. P. 26(b)(1)).  For the purposes of discovery, "relevancy is broadly construed and encompasses any material that bears on, or that reasonably leads to other matters that could bear on, any issue that is or may be in the case." *Alexander v. FBI*, 194 F.R.D. 316, 325 (D.D.C. 2000); *see also* 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2008 (2d ed. 1994) (stating that relevance is to be construed liberally and that "it is not too

strong to say that a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action").

UMWA has not even attempted to meet the criteria set forth in Rule 26(b)(2)(C) to show that the discovery Freeman seeks is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or that "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C). In fact, in the declaration accompanying its opposition to Freeman's motion to compel, UMWA admits that there is a stack of documents responsive to Freeman's discovery requests sitting in the offices of its Associate General Counsel, Deborah Stern. *See* Stern Decl. at ¶¶ 2-5. UMWA has apparently already gathered these responsive documents, but unilaterally decided that they need not be produced notwithstanding this Court's previous rulings. Instead, UMWA produced only 1100 pages of heavily-redacted documents that fell within its narrow definition of relevancy.

Under the standards set forth above, the discovery Freeman seeks is unquestionably relevant to its claims and defenses in these consolidated cases and should be produced.[5]

## II.     The Court Should Grant Freeman's Motion to Compel Against BCOA.

BCOA raises all of the same arguments as UMWA, but adds several of its own, including that this Court's order *granting* Freeman's Rule 56(f) motion was a mere "scheduling order" that did not decide the scope of discovery in this case. BCOA Opp. at 5. Although this Court certainly understands the scope of its own orders, Judge Freidman's granting of Freeman's Rule 56(f) motion and its unequivocal statements that discovery should continue with "no limits . . .

---

[5] UMWA has also objected to producing documents on the grounds that production would force it to reveal confidential or proprietary information and compromise its future bargaining positions. That objection is without merit in light of the protective order entered in this case.

7

other than those specified in the Courts scheduling order, the Federal Rules of Civil Procedure and the Local Civil Rules," is substantially more than a scheduling order.  Docket 63.

Because BCOA has made broad relevance objections to Freeman's requested discovery, it is unclear what BCOA has chosen to produce and what it is withholding on relevance grounds. On September 11, 2007, BCOA served its responses and objections to Freeman's requests for production.  It objected to producing documents on relevance grounds including objecting to Freeman's requests for all documents regarding the negotiation of the 2007 Agreement and Freeman's requests for documents that would demonstrate key differences in BCOA operations and structure at the time the 2007 Agreement was negotiated as compared to prior years.  *See* Exhibit C to Freeman Motion to Compel.  On October 8, 2007, BCOA produced approximately 2500 pages of documents.  On November 9, 2007, Freeman wrote to BCOA regarding the clear deficiencies in its document production and requested that counsel contact Freeman "as soon as possible to discuss" the issues.  BCOA never did so.  Instead, on November 19, 2007, after the Court granted Freeman's Rule 56(f) motion and ruled that discovery should continue with "no limits," Freeman sent another letter to BCOA, requesting that, in light of Judge Friedman's ruling, BCOA reconsider its position on discovery.  On November 20, 2007, BCOA responded and stated that it was "consulting with [its] client and expect[ed] to respond promptly to [Freeman's November 9] letter and [November 19] e-mail."  On November 21, 2007, after being prompted yet again by Freeman for a response, BCOA finally responded to Freeman's November 9, 2007 letter.  BCOA maintained the vast majority of its relevance objections, but stated that it would produce some additional documents if it was able to find them.  Late on Friday afternoon, December 14, after being prompted yet again by another letter from Freeman

regarding these documents, BCOA produced some of the additional materials promised in its November 21, 2007 letter.[6]

Accordingly, for the reasons discussed in Part I above, BCOA should be required to produce all documents relevant to the 2007 Agreement negotiations, the transfers from the 1974 Trust to the 1993 Plan, and documents regarding the financial condition of the Trust in 2002.[7] In addition, BCOA should be required to produce the documents relating to its status as a multi-employer bargaining unit, including all documents it promised to produce. In its requests, Freeman sought documents regarding the membership and structure of BCOA to demonstrate that it is no longer a multi-employer bargaining unit, but rather a single employer, and therefore incapable of negotiating a "successor" agreement binding the industry. *See, e.g.,* Exhibit A to Freeman Motion to Compel at ¶¶ 2 (as to 1978 by-laws), 6, 7, 8, 9, 34, 35. The Court should order that these documents be produced forthwith.

## CONCLUSION

For the reasons set forth herein, Freeman respectfully requests that this Court grant Freeman's motion to compel, and grant Freeman any other relief the Court deems appropriate, including awarding Freeman its costs and attorneys' fees as provided for in Rule 26(c).

---

[6] This chronology belies BCOA's spurious accusation that Freeman has been less than diligent in pursuing discovery or less than patient in attempting to resolve these disputes. *See* BCOA Opp. at 14-15. BCOA's two-month delay in producing documents responsive to Freeman's discovery requests, its 11-day delay in responding to Freeman's November 9 letter asking BCOA to remedy its deficient production, and its 25-plus day delay in producing the documents it promised to produce in its November 21 letter are examples of BCOA's actions that served only to obstruct timely discovery in this case.

[7] BCOA's assertion that these documents would be difficult to produce because bargaining "stretched from the Spring of 2006 until ratification in December 2006" belies its claims of burdensomeness. BCOA must simply look through its files for a six-to-seven month time period, which should not be a burden.

| | |
|---|---|
| December 11, 2007 | Respectfully submitted, |

                                               /s/ Paul M. Smith
                                               Paul M. Smith
                                               DC Bar No. 358870
                                               Jessica Ring Amunson
                                               DC Bar No. 497223
                                               JENNER & BLOCK LLP
                                               601 13th Street, NW
                                               Washington, DC 20005
                                               Tel:   (202) 639-6000
                                               Fax:  (202) 661-4993
                                               psmith@jenner.com
                                               jamunson@jenner.com

                                               Susan C. Levy (*pro hac vice*)
                                               Aaron M. Forester (*pro hac vice*)
                                               JENNER & BLOCK LLP
                                               333 North Wabash Avenue
                                               Chicago, IL 60611
                                               Tel:   (312) 923-2772
                                               Fax:  (312) 840-7772
                                               slevy@jenner.com
                                               aforester@jenner.com

                                               Gregory J. Ossi
                                               DC Bar No. 460243
                                               VENABLE LLP
                                               8010 Towers Crescent Drive, Suite 300
                                               Vienna, VA 22182
                                               Tel:   (703) 760-1600
                                               Fax:  (703) 812-8949
                                               gjossi@venable.com

                                               *Counsel for Freeman United*
                                               *Coal Mining Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of December, 2007, I served the foregoing by this court's ECF system, which caused copies of this motion to be sent to counsel of record in this consolidated litigation.

                                                  /s/Paul M. Smith
                                                  Paul M. Smith
                                                  DC Bar No. 358870
                                                  JENNER & BLOCK LLP
                                                  601 13th Street, NW
                                                  Washington, DC 20005
                                                  Tel:   (202) 639-6000
                                                  Fax:   (202) 661-4993
                                                  psmith@jenner.com